J. HARRY HULL, as Trustee in Bankruptcy of the Estate
    of FRANCIS J. PALMER, Appellant, *v.* FRANCIS J.
    PALMER et al., Respondents, Impleaded with Others.

Will — testamentary trust — provision that trust fund be paid to legatee when he is financially solvent — payment of such fund to legatee after discharge in bankruptcy — when trustee in bankruptcy cannot re-open proceedings and maintain action to reach the fund.

A testator authorized his trustee to pay over to his son the principal of a trust fund upon a statement by the son that "he is financially solvent and able to pay his just debts and liabilities from resources other than the principal of this trust fund." The son was declared a bankrupt and discharged from his debts. The testamentary trustee thereupon, in pursuance of a decree of the Surrogate's Court, paid the trust fund over to him. Thereafter the estate of the bankrupt was re-opened and the appellant as trustee in bankruptcy brought this action to reach the fund. *Held*, that the action cannot be maintained.

*Hull* v. *Palmer*, 155 App. Div. 636, affirmed.

(Argued December 9, 1914; decided January 5, 1915.)

APPEAL from a judgment entered March 31, 1913, upon an order of the Appellate Division of the Supreme Court

in the first judicial department, which affirmed a judgment of Special Term sustaining demurrers to and dismissing the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Walter S. Heilborn* and *David J. Gallert* for appellant. Francis J. Palmer had an absolute right (independent of any exercise of discretion by the testamentary trustee) to the principal sum of $50,000 when he should become financially solvent and able to pay his just debts and liabilities from resources other than the principal of the trust fund. (*Phillips* v. *Phillips*, 112 N. Y. 197; *Colton* v. *Colton*, 127 U. S. 300; *Bliven* v. *Seymour*, 88 N. Y. 469; *Meehan* v. *Brennan*, 16 App. Div. 395; *Decker* v. *High Street Church* 27 App. Div. 408.) The bequest was not dependent upon the discretion of the trustee. (*Collister* v. *Bassett*, 163 N. Y. 281; *Colton* v. *Colton*, 127 U. S. 300; *Costabadie* v. *Costabadie*, 6 Hare, 410; *Dexter* v. *Evans*, 63 Conn. 58.) The bequest at bar is a conditional limitation. (*Leonard* v. *Barr*, 18 N. Y. 96; *Battey* v. *Hopkins*, 6 R. I. 443; *Montgomery* v. *Petriken*, 29 Penn. St. 118; *Whiting* v. *Whiting*, 42 Minn. 548; *Hoselton* v. *Hoselton*, 166 Mo. 182; *Taylor* v. *McCowen*, 154 Cal. 798.) A conditional limitation is an expectant estate. (L. 1909, ch. 52, §§ 35, 36.) Expectant estates are alienable. (*Nat. Park Bank* v. *Billings*, 144 App. Div. 536; 203 N. Y. 556; *Clowe* v. *Seavey*, 208 N. Y. 496; *Oppenheimer* v. *Billings*, 145 App. Div. 914; *Collister* v. *Fassett*, 163 N. Y. 281; *Lawrence* v. *Cooke*, 104 N. Y. 632; *Phillips* v. *Phillips*, 112 N. Y. 197; *Colton* v. *Colton*, 127 U. S. 300; *Matter of F. L. & Trust Co.*, 65 Misc. Rep. 418; *Chipman* v. *Montgomery*, 63 N. Y. 221; *Matter of Marx*, 117 App. Div. 890.) A trustee in bankruptcy takes property which prior to the filing of a petition in bankruptcy the bankrupt could by any means have transferred. (*Nat. Park Bank* v. *Billings*, 144 App.

Div. 545; *Tuck* v. *Knapp*, 42 Misc. Rep. 140; *Matter of St. John*, 105 Fed. Rep. 234; *St. John* v. *Dann*, 66 Conn. 401.) The plaintiff having title to the remainder was entitled to the payment thereof when the contingency happened and neither the fact that the bankrupt estate has been closed and re-opened nor the fact that the Farmers' Loan and Trust Company has paid the trust fund to the defendant Palmer constitute good defenses. (*Hammond* v. *Whitredge*, 204 U. S. 538; *Kempner* v. *Bauer*, 53 Misc. Rep. 109; *Bilafsky* v. *Abraham*, 183 Mass. 401; *F. Nat. Bank* v. *Lancaster*, 196 U. S. 115; *E. L. Assur. Society* v. *Miller*, 185 Fed. Rep. 98.) The fact that there was a condition precedent to the right of Francis J. Palmer to possession of the principal of the trust fund is no defense. (*Matter of Hurlbut, Hatch & Co.*, 135 Fed. Rep. 504; *Matter of Ketchum*, 1 Fed. Rep. 840; *Page* v. *Edmunds*, 187 U. S. 596; *Matter of Fisher*, 98 Fed. Rep. 89; *Matter of Becker*, 98 Fed. Rep. 407; *Fisher* v. *Cushman*, 103 Fed. Rep. 860; *Matter of Wiesel*, 173 Fed. Rep. 718; *Matter of Cantelo Mfg. Co.*, 185 Fed. Rep. 276; *Matter of Warden*, 10 Fed. Rep. 275; *Matter of Wright*, 157 Fed. Rep. 544.)

*Gerrit Smith* for respondent Palmer. Francis J. Palmer, at the time of his adjudication in bankruptcy, had no right, title or interest in or to the said trust fund, which could or did vest in the plaintiff as his trustee in bankruptcy by virtue of the National Bankruptcy Act of 1898, nor any beneficial power over such trust fund which could or did pass to the said plaintiff as such trustee by virtue of the National Bankruptcy Act of 1898. (*Shipman* v. *Fanshaw*, 15 Abb. [N.· C.] 288; *Shipman* v. *Rollins*, 98 N. Y. 311; *Matter of James*, 146 N. Y. 78; *Moak* v. *Moak*, 8 App. Div. 197; *Kimball* v. *Chappel*, 27 Abb. [N. C.] 437; *Purdy* v. *Haight*, 92 App. Div. 454; *Everett* v. *Everett*, 29 N. Y. 39; *Branhall* v. *Ferris*, 14 N. Y. 41; *F. Nat. Bank* v. *Miller*, 24 App. Div. 555.) The defend-

ant Francis J. Palmer at the time of his adjudication in bankruptcy had no property which he could by any means have transferred. (*Noyes* v. *Blakeman,* 6 N. Y. 578; *Genet* v. *Hunt,* 113 N. Y. 168; *Cuthbert* v. *Chauvet,* 136 N. Y. 326; *Douglas* v. *Cruger,* 80 N. Y. 19; *Kenyon* v. *See,* 94 N. Y. 563.) The interest of Francis J. Palmer under the will of his father could not be reached by levy. (Code Civ. Pro. § 1431.) The interest of Francis J. Palmer under the will of his father could not be reached by a judgment creditor's action. (*Graff* v. *Bonnett,* 31 N. Y. 9; *Campbell* v. *Foster,* 35 N. Y. 361; *Wetmore* v. *Trunslow,* 51 N. Y. 338; *Kennedy* v. *Hoy,* 135 N. Y. 134.) Francis J. Palmer had no interest or estate under the will of his father which could or did vest in the trustee in bankruptcy. (Nat. Bankr. Act. § 70.)

*Frederick Geller* and *Edward H. Blanc* for Farmers' Loan and Trust Company, respondent. The respondent Francis J. Palmer took under the will no interest in the principal of the trust fund which passed to the plaintiff, appellant, as his trustee in bankruptcy. (*Matter of Wetmore,* 108 Fed. Rep. 520; *Matter of Hoadley,* 101 Fed. Rep. 233; *Matter of Ehle,* 109 Fed. Rep. 625; *Matter of Hogan,* 194 Fed. Rep. 846; *Nichols* v. *Eaton,* 91 U. S. 716; *Oppenheimer* v. *Billings,* 145 App. Div. 914; *Young* v. *Young,* 127 App. Div. 130; *Kenyon* v. *See,* 94 N. Y. 563; *Booth* v. *Baptist Church,* 126 N. Y. 215; *Hasbrouck* v. *Follett,* 171 N. Y. 674.)

MILLER, J. The plaintiff, a trustee in bankruptcy, seeks in this action to reach the principal of a trust fund bequeathed by the fourth clause of the will of Francis J. Palmer's father, which provides: "I give and bequeath and direct that there shall be paid as soon as conveniently may be after my death, to the Farmers' Loan and Trust Company, the sum of Fifty Thousand Dollars, to be held by said The Farmers' Loan and Trust Company, in trust,

for the following uses and purposes, to wit: To invest said money and keep it invested in such securities as to my said trustee may seem proper, and to pay or apply the net interest or income thereof to or for the use of my son, Francis J. Palmer, quarterly during the term of his natural life. It is my wish in making this provision that my said son shall have the principal of said trust fund whenever he shall become financially solvent and able to pay all his just debts and liabilities from resources other than the principal of this trust fund. In order to carry out this design I expressly authorize and empower my said trustee, upon receiving a written statement from my said son saying that he is financially solvent and able to pay his just debts and liabilities from resources other than the principal of this trust fund (which statement my said trustee may act upon without further investigation) or upon receiving such additional evidence of the facts as it in its judgment may require, to pay over to my said son, absolutely in its own judgment, and without its judgment in such case being subject to revision by any other person or authority, the principal of the said trust fund, and thereupon his receipt for said trust moneys shall be full justification and acquittal to the said trustee for the payment thereof. But if my said son Francis should die before the termination of this trust as above provided, then upon his death I direct my said trustee to divide and pay over the principal of said trust fund to the lawful issue of my said son him surviving, in equal shares, *per stirpes*, and in default of such issue to pay the income from said fund quarterly to my said daughter Rosalie H. Coleman during the term of her natural life, and upon the death of the survivor of my said son and daughter (there being no issue of my son him surviving) to divide and pay over the principal of said fund to the issue of my daughter Rosalie H. Coleman who shall then be living in equal shares *per stirpes*, to their own use, absolutely and

forever." Said Palmer was adjudicated a bankrupt on his own petition on July 22d, 1907. On September 11, 1907, the plaintiff was appointed, and qualified as trustee, and on November 8th, 1907, he presented his report and was discharged. On May 7, 1908, said Palmer was duly discharged of all his debts. Thereafter the Farmers' Loan and Trust Company instituted a proceeding in the Surrogate's Court for the judicial settlement of its accounts, wherein it was determined: "That the interest of the defendant, Francis J. Palmer in and to the principal of said trust fund had by his discharge in bankruptcy become a vested interest and that the trust created by the 4th paragraph of the last will and testament of said Charles Palmer was thereby terminated, and that the condition in said will of said Charles Palmer contained was thereby fulfilled and said trust of said Fifty thousand dollars determined," and thereafter, and on the 24th day of August, 1910, the trust company paid over to Palmer in cash and securities the principal of said trust fund. On May 3, 1911, the estate of the bankrupt was re-opened by the order of the United States District Court for the purpose of administering upon the principal of the said trust, and on May 19th, 1911, the appellant was re-appointed trustee.

The decision in this case turns on the question whether the plaintiff upon his appointment, as trustee, on September 11, 1907, acquired title to any interest of the bankrupt under the said fourth clause of the will of his father, because, if he did not, there were no unadministered assets for him to be re-appointed to administer.

I shall assume that the testator bequeathed to his son a future contingent interest in the principal of the trust fund and that the trustee had no discretion but to pay it over, when the condition, upon which the trust was limited, was fulfilled, and I shall assume, also, that that interest was assignable under the authority of *National Park Bank* v. *Billings* (203 N. Y. 556). It does not nec-

essarily follow that such contingent interest, though assignable, could be reached by creditors. It is to be observed that this is not a case in which a testator has undertaken to make a gift, and to keep it from his donee's creditors. It might in some aspects be termed a gift to encourage the donee to pay his debts, because, only by making such payment, or by showing the ability to pay, could the donee have the gift. The condition was that the donee " shall become financially solvent and able to pay all his just debts and liabilities from resources other than the principal of this trust fund." The testator had a right to impose that condition. He had a right to keep his property away from his son's creditors by not giving it to the son at all, unless the latter was able to pay his debts from other resources, and in the plainest language the testator manifested an intention to do precisely that thing. Now the trustee in bankruptcy merely represents the creditors. If, upon his appointment, he acquired the contingent interest of the bankrupt, he could sell it, applying the proceeds to the payment of the bankrupt's debts. Then, upon the bankrupt's discharge, assuming that to be a payment of his debts within the intention of the testator, which may be doubted, the assignee would be entitled to demand the principal of the trust fund from the trustee. Thus, by a process of indirection the fund, which the testator gave to his son only on condition that he should become able to pay his debts, would be used for the very purpose of satisfying that condition, and of frustrating the testator's intention. The gift would vest upon the defeat of the testator's purpose, not upon the fulfillment of the condition imposed by him. It does not seem necessary, therefore, to indulge in definitions or in nice distinctions. The nature of the condition itself determines the controversy. The creditors or their representative, the trustee in bankruptcy, were prevented from acquiring the contingent interest of the bankrupt, because to permit this would prevent the gift

from ever taking effect as contemplated by the testator upon the fulfillment of a valid condition imposed by him.

The plaintiff seeks to reach the fund on the theory that the trustee has wrongfully paid it over to the bankrupt. In that view the plaintiff's rights are certainly no greater than as though the trustee still held it. The condition then has not been satisfied, because certainly the donee's discharge in bankruptcy was not a payment of his debts within the contemplation of the testator if his creditors prior to the discharge are at liberty to take the fund.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, HOGAN, CARDOZO and SEABURY, JJ., concur.

Judgment affirmed.