In the Matter of the Estate of MORRIS LITTMAN, Deceased.

Surrogate's Court, New York County, May 28, 1941.

*Stewart & Shearer* [*J. T. Woodward* of counsel], for the petitioners.

*Charles A. Strauss*, for Julius A. W. Littmann and Ella Littmann Caro, respondents.

*Mathias F. Correa, United States Attorney* [*George B. Schoonmaker, Assistant United States Attorney*, of counsel], for Robert H. Jackson, Attorney-General of the United States.

FOLEY, S. The issues in the contested accounting proceeding are disposed of as follows:

(1) The United States government, by formal stipulation filed, has withdrawn any right to demand or collect the share of Julius A. W. Littmann and Ella Littmann Caro under article H of the thirteenth clause of the will and has conceded that no demand was served by the Alien Property Custodian on the executors seizing the interests of such persons under that part of the will. The payment of their respective shares is accordingly directed to be made to each of them.

(2) A different situation is presented as to the shares of Nathalie and Hildegarde Littmann. It is undisputed that due and proper demands were made at various times in 1918 and 1919 upon the

executors which represented a valid seizure under the " Trading with the Enemy Act." Although the interests of these persons in the remainder were contingent and were only recently vested by the death of the life tenant, the demands were sufficient to entitle the government to collection and payment. A similar situation was considered by me in *Matter of Bendheim* (124 Misc. 424; affd., 214 App. Div. 716), and the seizure by the government of the contingent interest of the remainderman upheld. The surrogate further holds that the fact that the two remaindermen changed their citizenship, subsequently to the effective dates of the demands served upon the executors, is immaterial. It is not and has never been disputed that they were alien enemies and so duly determined by the responsible official of the Federal government in 1918 and 1919 under the Executive Orders of the President of the United States. The surrogate has no alternative but to direct payment of the funds to the Attorney-General of the United States as the successor in interest to the Alien Property Custodian. (*Central Union Trust Company* v. *Garvan*, 254 U. S. 554; *Stoehr* v. *Wallace*, 255 id. 239; *Commercial Trust Co.* v. *Miller*, 262 id. 51, 57; *Miller* v. *Lautenburg*, 239 N. Y. 132; *Matter of Bendit*, 214 App. Div. 446; *Matter of Schaefer*, 112 Misc. 308.) Any rights which the remaindermen may have to secure restitution, wholly or partially, must be enforced by appropriate application to the Federal authorities or through action in the Federal courts.

Submit decree on notice settling the account accordingly.