In the Matter of the Estate of BELLE C. CARRINGTON, Deceased.

Surrogate's Court, New York County, April 30, 1948.

*John F. X. McGohey*, United States Attorney (*Laurence H. Axman* and *William H. Arkin* of counsel), for Tom C. Clark, Attorney General of the United States, as successor to the Alien Property Custodian, petitioner.

*Finch & Schaefler* for Bank of New York and Fifth Avenue Bank, respondent.

*Harold S. Goodman* for Dr. P. K. Tschenkeli, respondent.

*Donald T. Mullane*, special guardian, for Patricia Ennis and another, infants, respondents.

COLLINS, S. This is an application by the Attorney General of the United States, acting in his capacity as successor to the

Alien Property Custodian, to compel the payment to him of the legacy to Dr. P. K. Tschenkeli provided for in the eighth paragraph of the will. This paragraph disposes of the residuary estate in trust for the benefit for life of two sisters of the testatrix with remainder to a nephew or his issue with alternative gifts over in the event the nephew predeceases the life tenant leaving no issue him surviving. The pertinent provisions of the eighth paragraph of the will read: " I hereby direct that my Trustee shall pay from the principal of this trust to Dr. P. K. Tschenkeli, 77 Rothenbaum Chaussee, Hamburg, Germany, the sum of Five thousand Dollars ($5,000) on condition that, at such time as, he shall personally come to the United States to receive the same. In the event that the said sum of Five thousand Dollars ($5,000.) shall not have been paid to the said Dr. P. K. Tschenkeli prior to the termination of this trust, and the said Dr. P. K. Tschenkeli is still living, then the person or persons who may receive the principal of this trust, or any part thereof under the provisions hereinabove set forth, shall take and receive the same charged with the payment to the said Dr. P. K. Tschenkeli of the said sum of Five Thousand Dollars ($5,000.) payable to him upon the condition that he shall personally come to the United States to receive the same. My Trustee, however, shall be under no responsibility whatever to see that the person or persons who receive the principal of this trust, or any part thereof, pay the said sum of Five thousand Dollars ($5,000.) to the said Dr. P. K. Tschenkeli.''

The testator died on May 3, 1942. Pursuant to a decree dated October 6, 1943, settling the executor's account, the residuary estate was turned over to the trustee named in the will. By order duly filed on February 24, 1944, the Alien Property Custodian vested " all right, title, interest and claim of any kind or character whatsoever of P. K. Tschenkeli, in and to the trust established under the will of Belle Colby Carrington, deceased, to be held, used, administered, liquidated, sold or otherwise dealt with in the interest of and for the benefit of the United States.''

Dr. P. K. Tschenkeli never came to the United States and the sole question for determination is whether his legacy under the will is such an absolute interest that the Government is entitled to compel payment of it at this time by reason of its vesting order.

618

The court holds that the testatrix clearly intended the coming of Dr. P. K. Tschenkeli to the United States as a condition precedent to the payment of the legacy. That condition must be met before the legacy can be paid. Under its vesting order the Government succeeds to no greater right than the legatee possessed under the will (*Kahn* v. *Garvan,* 263 F. 909; *Isenberg* v. *Trent Trust Co.,* 26 F. 2d 609, certiorari denied 279 U. S. 862; *Matter of Van Dam,* 43 N. Y. S. 2d 184).

The application is therefore denied. Submit order on notice accordingly.