In the Matter of the Estate of BELLE C. CARRINGTON, Deceased.

Surrogate's Court, New York County, June 2, 1949.

*Dorothea Genzlinger* for Kita P. Tschenkeli and another, petitioners.

*Finch & Schaefler* for Bank of New York and Fifth Avenue Bank, as executor and trustee under the will of Belle C. Carrington, deceased, respondent.

*John F. X. McGohey,* United States Attorney (*James A. Devlin* of counsel), for Tom C. Clark, Attorney General of the United States, respondent.

FRANKENTHALER, S. A legatee and an assignee of a portion of the legacy make this application for an order directing payment by the executor and trustee. The Alien Property Custodian vested the interest of the legatee by an order dated February 15, 1944. The assignment was executed by the legatee on April 1, 1949. The petitioners ask the court to rule that the vesting order is ineffectual for the reasons that: (1) the Alien Property Custodian erroneously determined that the legatee was a resident and national of Germany, a designated enemy country, when in fact the legatee was a stateless person residing in Switzerland, and (2) a vesting order could not be made until the legacy became payable by compliance with the condition imposed in the will. The United States Attorney, as successor to the Alien Property Custodian, has moved to dismiss the petition.

The determination of the Alien Property Custodian that the legatee was a national of a designated enemy country may not be reviewed in this court nor may inquiry here be made as to the validity of the vesting order (*Stoehr* v. *Wallace,* 255 U. S. 239; *Commercial Trust Co.* v. *Miller,* 262 U. S. 51; *United States Trust Co.* v. *Miller,* 262 U. S. 58; *Ahrenfeldt* v. *Miller,* 262 U. S. 60; *Becker Steel Co.* v. *Cummings,* 296 U. S. 74; *Miller* v. *Lautenburg,* 239 N. Y. 132; *Matter of Viscomi,* 270 App. Div. 732). The remedy of the legatee is provided in the Trading with the Enemy Act (§ 5, subd. [b]; § 7, subd. [c]; U. S. Code, tit. 50, Appendix.) Any attack upon the legality of the vesting order and any inquiry into the circumstances which led the custodian to issue the order must be made in a Federal forum (*Silesian-American Corp.* v. *Clarke,* 332 U. S. 469; *Cummings* v. *Hardee,* 102 F. 2d 622; *Matter of Sielcken,* 167 Misc. 327; *Matter of Yokohama Specie Bank,* 188 Misc. 137; *Matter of Daly,* 189 Misc. 680.)

The second reason advanced by petitioners is equally without merit. The order of the Alien Property Custodian vested " all right, title, interest and claim of any kind or character " of the legatee and that order was sufficiently comprehensive to acquire the legatee's interests in the estate that came into being upon decedent's death. The fact that such interest was contingent

and that compliance with the condition attached to the legacy was a prerequisite to its payment (*Matter of Carrington,* 192 Misc. 616) did not affect the validity of the order. The expectant estate of the legatee was subject to seizure under the Government's order (*Matter of Bendheim,* 124 Misc. 424, affd. 214 App. Div. 716; *Matter of Littman,* 176 Misc. 679.)

So long as the vesting order is effective the legatee has no interest to assign and consequently the petitioning assignee stands in no better position than the legatee herein (*Cummings* v. *Deutsche Bank,* 300 U. S. 115, 121; *Commercial Trust Co.* v. *Miller, supra.*)

The motion to dismiss the petition is granted. Submit order on notice.