In the Matter of the Accounting of CHARLOTTE J. HEYE et al., as Executors of CARL T. HEYE, Deceased.

Surrogate's Court, Westchester County, July 6, 1949.

*Jesse D. Wolff* and *Edward L. Merrigan* for executors, petitioners.

*John F. X. McGohey, United States Attorney* for the Southern District of New York (*James A. Devlin* of counsel), for Tom C. Clark, Attorney General of the United States, as successor to the Alien Property Custodian, respondent.

*Francis P. Brady,* special guardian.

GRIFFITHS, S. In this executors' accounting proceeding petitioners request a construction of the will. An answer to the petition and objections to the account have been interposed by the Attorney General of the United States, acting for the Office of Alien Property Custodian.

The will is dated February 9, 1945, and the decedent died June 22, 1946. After providing for general legacies in varying

amounts to relatives, friends and charitable organizations, the testator left his residuary estate in trust for the benefit of his wife for life or until her remarriage. The remainder of the trust is given to children of the testator, or their issue. By the provisions of paragraph " Fourth " of the will the testator gave to his sister, Marie J. Halle, a German subject residing in Germany, the sum of $3,000 with contingent gifts over in the event she should not survive the testator. The said paragraph " Fourth " further provided that the said legacy to the testator's sister be paid to her " by my executors monthly at the rate of Fifty Dollars ($50) each, beginning preferably on the first day following the month in which my death occurs and is to continue until the total amount of the legacy is paid ". The paragraph further provides for disposition of the proceeds of the legacy in the event of the death of the legatee before the total amount shall have been distributed to her. Paragraph " Fifth " makes a similar provision for Ida Strangmeier, another sister of the testator, also a German subject residing in Germany, except that the amount of the legacy is $4,000.

The Attorney General represents that on the 8th day of February, 1949, acting upon the authority of the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 1 *et seq.*) as amended, and Executive Order No. 9095, as amended, he issued Vesting Order No. 12802 by the terms of which he vested all right, title and interests of the German subjects named in the will as legatees.

Petitioners request a construction and determination as to whether or not Germany was, on June 22, 1946, the date of decedent's death, and still is " engaged in any war " and if so, the effect of the provisions of paragraph "Seventeenth " with respect to the disposition of the legacies to legatees residing in Germany at the time of decedent's death.

The statement in the brief of counsel for petitioners that the Attorney General, acting for the Office of Alien Property Custodian, and the Treasury Department have approved and authorized payment of the legacies to the German charitable organizations makes it unnecessary to determine whether said legatees reside in Germany within the meaning of paragraph " Seventeenth ".

Although no affirmative proof of the fact has been submitted, it will be assumed for present purposes that the German legatees whose interests are affected by this proceeding survived the decedent. In any event, the vesting order of the Attorney Gen-

eral is a conclusive determination that said legatees did survive and is not subject to collateral attack. (*Central Union Trust Co.* v. *Garvan,* 254 U. S. 554, 567 [1921]; *Stoehr* v. *Wallace,* 255 U. S. 239, 245 [1921].) Paragraph '' Seventeenth '' of the will contains a direction to the executors '' to pay no legacies or parts thereof to any legatees residing in Germany *while Germany is engaged in any war* except payments under legacies for the support of my sisters under the Fourth and Fifth paragraphs hereof ''. (Italics added.)˙ The decedent having died on June 22, 1946, after the termination of actual hostilities, a determination of whether Germany was '' engaged in any war '' on said date is essential to a disposition of the question presented. That a '' state of war '' between the United States and Germany did exist on June 22, 1946, and still exists, is clear. On December 31, 1946, the President of the United States issued Proclamation No. 2714 proclaiming a cessation of hostilities, but included therein the statement that '' a state of war still exists ''. In *Ludecke* v. *Watkins* (335 U. S. 160), the United States Supreme Court in 1948 made the following pertinent statement (at p. 170): '' The political branch of the Government has not brought the war with Germany to an end. On the contrary, it has proclaimed that ' a state of war still exists.' Presidential Proclamation 2714, 12 Fed. Reg. 1; see *Woods* v. *Miller Co., supra,* at p. 140; *Fleming* v. *Mohawk Wrecking & Lumber Co.,* 331 U. S. 111, 116.''

Petitioners contend that the effect of the language employed in paragraph '' Seventeenth '' is to make the legacies in favor of persons residing in Germany '' ineffectual ''. The objectant asserts that the effect of the language is to vest the legacies in the named legatees with payment only postponed. It is a cardinal principle of construction that the intent of the testator must be determined from a reading of the will as a whole. In paragraph '' Eighteenth '' the decedent provided that if any legatee were to predecease him or if any of the institutions named as legatees were to be dissolved, his or her or its legacy be added to the residuary estate. The residuary clause provides that the residuary estate given in trust for the benefit of the decedent's wife shall include '' lapsed or ineffectual legacies or devises ''.

The court determines that the effect of the language employed in paragraph '' Seventeenth '' of the will is merely to postpone the payment of the legacies to those legatees who at the time of death of the decedent were residents of Germany, except the decedent's two sisters, until the time arrives when Germany is

no longer " engaged in any war ". In providing for the legacies to the German legatees in the preceding clauses of the will the testator used concise words of present gift, which clearly vested the legacies in them absolutely. " Whenever the will begins with an absolute gift, in order to cut it down, the latter part of the will must show as clear an intention in that direction as the prior part does to make it." (*Goodwin* v. *Coddington,* 154 N. Y. 283, 286.) Had it been the intention of the testator to revoke the legacies given to the German legatees residing in that country while Germany is "engaged in any war ", as contended, such intent could have been expressed in simple, concise terms. It is also significant that there is no express provision for a gift over. The legacies in question being indefeasibly vested with payment only postponed and the objectant, Attorney General of the United States acting for the Office of Alien Property, having succeeded to all the rights to which the legatees were entitled (*Commercial Trust Co.* v. *Miller,* 262 U. S. 51), payment thereof is directed to be made to the said objectant. (*Matter of Littman,* 176 Misc. 679; *Matter of Reiner,* 44 N. Y. S. 2d 282.)

Objection numbered I relates to an indebtedness in the amount of $6,957.73 allegedly owing by the said Marie J. Halle to the decedent, which petitioners have listed as an asset and which they contend should be offset against her aforementioned legacy in the amount of $3,000. In addition to a general denial, the objectant has pleaded the Statute of Limitations as a defense to the said alleged indebtedness. The proof shows that between 1905 and 1926 the decedent made cash advances to his said sister, the total of which in 1926 amounted to $6,957.73. It is also represented and not controverted that Auguste Heye, the mother of decedent, died a resident of Germany in 1914, leaving a last will and testament probated in that country, under the terms of which the decedent held a fund in the amount of $2,972.07, the income of which is payable to the said Marie J. Halle during her life and upon her death, the remainder is distributable to her surviving children. There was evidence adduced of a course of dealing between decedent and his sister whereby the decedent credited the interest on the indebtedness owing by his sister to him with the interest payable to her under the terms of the said Auguste Heye will. The evidence shows that on January 1, 1926, and on January 2, 1934, an account was stated between the parties showing a balance owing by the sister on both dates in the said amount of $6,957.73 after debiting the interest thereon and crediting income in an equal amount under the

Auguste Heye will. The court determines that the proof is sufficient to establish the existence of the indebtedness in the amount stated, and of a course of dealing between the parties whereby the decedent debited his said sister with interest on her indebtedness in an amount equal to the income payable to her under the will of her mother.

Assuming a state of facts most favorable to the objectant, that the loans made by the decedent and his said sister were demand loans and that therefore the obligation accrued more than six years before the date of death of decedent, the court also determines that the Statute of Limitations is not a bar to the asserted right of offset. The evidence shows that during the entire period that the loans in question were made the decedent was a resident of the State of New York and that his sister was a resident of Germany. The transaction having occurred in New York, the law of this State is controlling. Section 19 of the Civil Practice Act prescribes that in determining the period within which an action must be commenced, the time does not begin to run with respect to a cause of action against a person who is " without the state " until " after his coming into or return to the state ". Even prior to the 1943 amendment to said section (L. 1943, ch. 263) the rule was that the effect of the section was to toll the running of the statute in cases where, as here, the defendant had never been a resident of the State of New York. (*National Surety Co.* v. *Ruffin*, 242 N. Y. 413; see, also, *Laurencelle* v. *Laurencelle*, 217 App. Div. 159.) The court determines that the established facts in the case at bar bring it within the application of the statute and that therefore the Statute of Limitations is not a bar to the enforcement of the claim. Moreover, the Statute of Limitations is not necessarily a bar to the right of an executor to set off a debt owing by a legatee in determining the net sum, if any, payable to the latter by way of distribution. (*Smith* v. *Kearney*, 2 Barb. Ch. 533; *Matter of James*, 149 Misc. 135; *Matter of Sawin*, 173 Misc. 428; *Matter of Geiger*, 184 Misc. 518.) The Statute of Limitations merely bars the remedy; it does not extinguish the debt. The right of an executor to set off a debt owing by a legatee is characterized as " an equitable doctrine ", being founded upon the principle that a legatee shall not be entitled to the fruits of his legacy while he retains a part of the funds out of which his and other legacies are payable. (See *Smith* v. *Kearney, supra.*) The rule will yield, however, to a direction in the will to the contrary. The circumstance that the

will was executed subsequent to the existence of the indebtedness is not considered sufficient evidence of an intention to forgive an indebtedness or to waive the right of offset. (*Smith* v. *Murray,* 1 Dem. 34; *Matter of Foster,* 15 Misc. 175.) It has been held, however, that a gift made for the support of a beneficiary is sufficient evidence of an intent that the right of offset should not be exercised. (*Matter of Chamberlain,* 289 N. Y. 456.) Here the testator expressly stated in paragraph " Seventeenth " of the will that this bequest and that made to his sister, Ida Strangmeier, was for the " support of my sisters ". Although the application of the rule under the circumstances will not result in effectuating the decedent's evident wishes, the court is constrained to conclude that the legacy is payable to the objectant under the vesting order in the manner and subject to the provisions of paragraph " Fourth " of the will without offset for the indebtedness. The objection is sustained to the extent indicated. For like reasons objection numbered III is also sustained.

Objection numbered II relates to an indebtedness allegedly owing to the decedent by his sister, Ida Strangmeier, in the amount of $2,594.62 which petitioners also contend should be set off against her legacy in the amount of $4,000. In addition to a general denial, the objectant has pleaded the Statute of Limitations as a defense to said alleged indebtedness. The court determines that the evidence is sufficient to establish the existence of the indebtedness at the time of the death of the decedent and that the Statute of Limitations is not a bar to the exercise of the asserted right of offset. In addition to the facts common to both indebtednesses, and particularly the fact that at all times the debtor, Ida Strangmeier, was a resident of Germany, the said Ida Strangmeier " acknowledged " her indebtedness to the decedent in a letter written to his widow subsequent to his death. If, as contended, the claim had been outlawed, the effect of the letter was to revive the obligation. (Civ. Prac. Act, § 59; *Matter of Ewald,* 174 Misc. 939.) Moreover, the statute did not run during the period that the debtor was a resident of Germany. (Civ. Prac. Act, § 19.) Applying the rule enunciated in *Matter of Chamberlain* (*supra*) however, the court must hold that the decedent has manifested an intent that the right of offset should not be exercised. The objection is sustained to the extent indicated and the legacy is payable to the Attorney General under his vesting order in the manner and subject to the provisions of paragraph "Fifth " of the will.

Objection numbered IV requires a determination as to whether the sum of $1,111.08 is the property of the aforementioned Ida Strangmeier by reason of a completed *inter vivos* gift made by the decedent to her. In addition to the entries in the decedent's books of account, objectant contends that the act of the decedent in executing and filing with the Federal authorities, as required by law, a form known as APC-56, Series C, dated February 25, 1946, with respect to property or interest of the said Ida Strangmeier, she being at that time a national and resident of Germany, evidences that the decedent made a gift to her in the amount stated. This form, signed by the decedent, sets forth as debts owing to a national the following: " Gift of $500 made on September 1, 1922 credited annually with interest in an open account, exact amount as of December 31, 1945 $1,111.08 ". Petitioners contend that said amount is a balance after the decedent had credited to the said Ida Strangmeier, as a present, $500 in 1922, and interest thereon and after having paid to her on account an aggregate sum of $145 leaving an unpaid balance of $355, which with the addition of interest was increased to the said sum of $1,111.08. The books of the decedent confirm these figures.

One of the essential elements of a gift *inter vivos* is proof of delivery. (*Beaver* v. *Beaver,* 117 N. Y. 421.) In *Beaver* v. *Beaver* (*supra*) the court made the following pertinent statement (at p. 429): " Instruments may be ever so formally executed by the donor, purporting to transfer title to the donee, or there may be the most explicit declaration of an intention to give, or of an actual present gift, yet unless there is delivery, the intention is defeated." Although the statement in the form signed by the decedent and the entries in his books of account indicate a clear intent to make a gift, there is no proof of delivery of the sum in issue. In the absence of proof of an adequate consideration, and none has been offered, an executory promise to make a gift is unenforcible. Objection numbered IV is overruled and dismissed. It also follows that objections numbered V and VI are overruled and dismissed.

Objection numbered VII is sustained to the extent indicated.

The court determines that the provisions of paragraph " Second " of the will constitute a clear direction to the executors to pay both Federal and State of New York estate taxes out of the residuary estate without contribution thereto by the various legatees and beneficiaries under the will.

Settle decree on notice in accordance with this opinion and decision.