Harvard Trust Co. *v.* Attorney General of the United States.

Harvard Trust Company, trustee, *vs.* Attorney General
of the United States & others.

Middlesex.    April 8, 1952. — May 29, 1952.

Present: Qua, C.J., Lummus, Ronan, Spalding, & Williams, JJ.

*Trust*, Distribution.    *Alien.    Devise and Legacy*, Distribution of trust.
   *Probate Court*, Costs.    *Words*, "Unable to distribute."

In the will of an American citizen of German extraction made in 1933
   and providing in its third article for distribution of a trust fund to
   beneficiaries who might and ultimately did include German nationals,
   the fourth article, providing that "If there is any portion of the Trust
   Property which the Trustee is unable to distribute as hereinbefore
   provided I direct . . . the Trustee . . . to distribute such portion
   . . . to my then heirs-at-law," indicated an intent of the testatrix to
   benefit by the third article only those who could take personally; but
   such condition of personal benefit was not to be implied respecting
   the gift to "heirs-at-law" under the fourth article.
In a distribution of a trust fund pursuant to certain clauses of a will
   indicating by other provisions an intent of the testatrix to benefit
   under such clauses only those who could take personally, German
   nationals whose interests thereunder but for such other provisions
   would pass to the Attorney General of the United States as successor
   to the Alien Property Custodian by virtue of a certain vesting order
   took nothing under such clauses and the Attorney General accordingly
   took nothing thereunder through them.
The record on appeals from a decree of a Probate Court allowing an
   account of a trustee under a will and from a decree for distribution
   of the trust property disclosed no error in a denial by the judge of a
   motion for costs and expenses by the Attorney General of the United
   States, who had claimed interests of German nationals in the trust,
   upon the grounds that the Attorney General was a public officer and
   that his efforts did not benefit the trust estate.    [85]

Petitions, filed in the Probate Court for the county of
Middlesex on June 22, 1950, by the trustee under the will
of Philipina B. Goepper, late of Cambridge, for allowance
of its substituted fourth account, and for distribution.

The case was heard by *McMenimen*, J.

The respondents Arthur E. Halenbeck, Frederick Arndt,

and Paul Arndt appealed from the decree on the petition for distribution.  The respondent Attorney General of the United States appealed from the decree on the petition for distribution, from the decree on the account, and from a decree denying a motion by him for counsel fees and expenses.

*Waldo Noyes*, stated the case.

*George B. Searls* of the District of Columbia, (*Charles K. Kalinauskas*, Assistant United States Attorney, with him,) for the Attorney General of the United States.

*William A. Kaufmann* of New Jersey, for Halenbeck and others, submitted a brief.

SPALDING, J.  The appeals in this case arise from a petition for distribution brought by the trustee under the will of Philipina B. Goepper.

The will of the testatrix, an American citizen of German extraction, was executed on April 21, 1933, and was allowed by the Probate Court for Middlesex County on October 18, 1933.  Having bequeathed three fifths of the residue of her estate to three married nieces, the testatrix disposed of the remaining two fifths, the subject of this controversy, as follows:

"ARTICLE III . . . Section 4.  To said Harvard Trust Company, its successors and assigns, a two-fifths portion thereof . . . BUT IN TRUST, nevertheless, as hereinafter set forth . . . .

"Clause 1.  I direct and charge my Trustee to hold said property in Trust for the benefit of my niece, Erna Arndt, now residing in Neu Ruppin, Germany . . . and to pay over quarter-annually the net income thereof to my said niece during her lifetime and upon her death to pay over and transfer the Trust Property to my nieces, said Philipina Arndt Schroeder, said Gertrude Theinhardt and said Clara L. Halenbeck, share and share alike.

"Clause 2.  In case any of my said nieces, Philipina Arndt Schroeder, Gertrude Theinhardt and Clara L. Halenbeck shall die prior to a distribution of my Trust Property, I direct that the issue of such deceased niece shall take by

right of representation the share its parent would have taken if living. If there is no issue of such deceased niece living to take by right of representation its parents [*sic*] share, I direct that the share such deceased niece would have taken if living shall be divided among all my said nieces then surviving and the then surviving issue of any deceased niece, such issue, if any, to take the share by right of representation to which its parent would have been entitled if living.

"ARTICLE IV. If there is any portion of the Trust Property which the Trustee is unable to distribute as hereinbefore provided I direct and charge the Trustee when such inability is established to distribute such portion of the Trust Prcperty to my then heirs-at-law, the division to be by right of representation."

The life tenant, Erna Arndt, a German national, died without issue on April 10, 1945. On the same day Gertrude Theinhardt (a German national and one of the nieces mentioned in clause 2 of section 4 of article III) died. She was survived by her son Joachim Theinhardt, also a German national. Gerhardt and Ulrich Schroeder, both German nationals, are the surviving issue of Philipina Arndt Schroeder (another niece mentioned in clause 2 and also a German national) who died on May 8, 1948. Clara L. Halenbeck, a citizen of the United States, died on February 9, 1951, leaving a son, Arthur E. Halenbeck, who is one of the appellants here. He is also a citizen of this country. Friedrick Arndt, an American citizen and a nephew of the testatrix, died on October 12, 1947. He was survived by two sons, the appellants Frederick and Paul Arndt, both of whom are American citizens.

On January 14, 1946, by virtue of vesting order No. 5650 the interests of the above named German nationals in the trust here involved were vested in the Alien Property Custodian, the predecessor of the Attorney General. The trustee paid the income of the trust in accordance with the terms of the order until the death of Erna Arndt, the life tenant, was established to the satisfaction of the United

States government.  Inasmuch as the fact of death was not established until a considerable period after it had occurred, an overpayment resulted.  The foregoing facts were found by the judge and are not in dispute.  The evidence is reported.

The judge decided that Arthur E. Halenbeck was entitled to one third of the trust estate by right of representation under article III, section 4, clause 2.  As to the remaining two thirds, he concluded that payments could not be made to Joachim Theinhardt, Gerhardt Schroeder, and Ulrich Schroeder as distributees under clause 2 because they were German nationals.  Accordingly, he determined that the trustee was "unable to distribute as hereinbefore provided" within the meaning of article IV and ordered the following distribution to the "then heirs-at-law" of the testatrix under article IV: one fourth to Arthur E. Halenbeck, one fourth to Frederick and Paul Arndt to be divided equally, and one half to the Attorney General as successor to the shares of the German nationals, Gerhardt and Ulrich Schroeder and Joachim Theinhardt.  A decree was entered accordingly.  The judge also allowed a substitute fourth account of the trustee which had been modified to conform to the decree of distribution.

There is no dispute over the right of Arthur E. Halenbeck to receive one third of the trust estate under article III, section 4, clause 2.  The questions raised by these appeals relate to the remaining two thirds, which, in the absence of the vesting order, would pass to the German nationals Joachim Theinhardt, Ulrich Schroeder, and Gerhardt Schroeder under the same provisions of the will.  The Attorney General, as successor to the Alien Property Custodian (see executive order No. 9788, 11 Fed. Reg. 11,981), contends that he is entitled to the remaining two thirds of the fund under the vesting order, instead of one half of such remainder given to him under the decree below.  His position is that, since he steps into the shoes of the German nationals and is empowered to receive payments to which they were entitled, and to give a full acquittance therefor

(U. S. C. [1946 ed.] Title 50, Appendix, § 7 [e]), the trustee is not "unable to distribute" the fund in question within the intendment of article IV and that the gift in that article to "my then heirs-at-law" never took effect. The appellants Arthur E. Halenbeck and Frederick and Paul Arndt on the other hand argue that the words "unable to distribute" in article IV impose a condition that distribution can be made under article III if, and only if, the distributees will personally benefit from the gifts. They further contend that this condition attaches not only to the gifts which it expressly limits but also by implication to the gift in article IV to my "then heirs-at-law." If their contention prevails they would be entitled to the entire fund in dispute.

The vesting order here involved conferred upon the Alien Property Custodian "All right, title, interest and claim of any kind or character whatsoever" of the German nationals in the fund in dispute.[1] It is plain, as the Attorney General concedes, that it authorized the custodian to seize only such interests in the funds as the German nationals, to whose rights he had succeeded, could claim therein. See *Miller* v. *Rouse*, 276 Fed. 715, 716 (D. C. S. D. N. Y.); *McGrath* v. *Ward*, 91 Fed. Sup. 636, 638 (D. C. D. Mass.). Thus there is presented for decision the question whether the German nationals were given interests which could survive the vesting order and pass to the custodian.

Article IV makes the gift to "my then heirs-at-law" operative upon the trustee's inability "to distribute as hereinbefore provided." Inasmuch as the trustee is able to make payment to the Attorney General in lieu of the German nationals there is, of course, no impediment to a physical transfer of the funds as prescribed by clause 2 of section 4 of article III. But we are of opinion that such an interpretation of the words "unable to distribute" would not effectuate the intent of the testatrix. It seems to us that by employing these words she was anticipating events of the sort that might disable her distributees under article

---

[1] For the statutory basis for such orders see U. S. C. (1946 ed.) Title 50, Appendix, § 5 (b) (1) (B).

III from personally benefiting under the will. Though her use of words could have been more apt, we think that this interpretation carries out the general design of the will, namely, to provide for such as could personally take under the will. See *McGrath* v. *Ward*, 91 Fed. Sup. 636 (D. C. D. Mass.). A contrary construction would limit the operation of that clause to a very narrow field.

This view is strengthened when the words "unable to distribute" are considered in the light of the circumstances attending the execution of the will. The testatrix was of German ancestry. Her testamentary dispositions disclose a dominant purpose to benefit her German relatives, most of whom resided in Germany. She had lived through World War I, during which the property of German nationals was seized under orders similar to that here involved. It is not unlikely that she knew of this. Although the war clouds had not started to gather in Europe in 1933 when the testatrix made her will, Hitler was rising to power in Germany and the international outlook was disquieting, to say the least. While she may not have actually contemplated World War II and the concomitant seizures by the Alien Property Custodian, it is not improbable that she had in mind the possibility that the objects of her bounty might be prevented from personally taking under the will for one reason or another, and that article IV was inserted to provide for such a contingency.

As stated above, the appellants Halenbeck and Frederick and Paul Arndt contend that the words "unable to distribute" by necessary implication also limit the gift to "my then heirs-at-law" in article IV, so that the German nationals have no interests as heirs at law subject to seizure by the Alien Property Custodian. They argue that it is unreasonable to say that the testatrix intended to exclude as distributees under article III those who were not to benefit personally but at the same time to say that they may take under article IV. But the testatrix saw fit to impose that condition with respect to gifts in article III and to omit it as to gifts mentioned in article IV. We are not at liberty

to supply the omission by conjecture. *Child* v. *Child*, 185 Mass. 376. *Bailey* v. *Bailey*, 236 Mass. 244, 247. Cases may arise where the intent of the testator is so apparent from the will as a whole that the defect will be supplied by the court by implication in order to effectuate that intent (*Metcalf* v. *First Parish in Framingham*, 128 Mass. 370, 374; *Goodwin* v. *New England Trust Co.* 321 Mass. 502, 504), but this case is not one of them.

In allowing the trustee's substitute fourth account, the judge awarded costs and expenses to the guardian ad litem and to the attorney for the appellants Halenbeck and Arndts. He denied the Attorney General's motion for costs and expenses on the grounds that he was a public officer obligated to protect the public and that his efforts did not benefit the estate. From this denial the Attorney General appealed. We see no reason on this record to disturb the judge's exercise of discretion. G. L. (Ter. Ed.) c. 215, § 45. *Day Trust Co.* v. *Malden Savings Bank*, 328 Mass. 576.

It follows that the decree entered on the petition for distribution and the decree allowing the trustee's substituted fourth account must be affirmed. The motion of the Attorney General for costs and expenses of this appeal is denied.

*So ordered.*