Gertrude (Gertrud, Trude) **KAMMHOLZ**, Ingeborg Kammholz, Plaintiffs-Appellants,

v.

Donald **ALLEN**, Albert Hirst, Defendants-Appellees.

**No. 358, Docket 24911.**

United States Court of Appeals Second Circuit.

Argued May 15, 1958.

Decided June 13, 1958.

---

George Eric Rosden, Washington, D. C. (Waldemar J. Dittmar, New York City, on the brief), for plaintiffs-appellants.

Murray C. Bernays, New York City (Bernays & Eisner, and Ellis J. Freedman, New York City, on the brief), for defendants-appellees.

Dallas S. Townsend, Asst. Atty. Gen., Director, Office of Alien Property, Dept. of Justice, Washington, D. C., Paul W. Williams, U. S. Atty. for Southern District of New York, New York City, George B. Searls, Irwin A. Seibel and Lillian C. Scott, Attorneys, Dept. of Justice, Washington, D. C., for Attorney General of the United States as amici curiae.

Before SWAN, HINCKS and LUMBARD, Circuit Judges.

HINCKS, Circuit Judges.

The question presented on this appeal concerns the proper construction to be given the following relevant portion of the will of Rudolf Lesch who died in New York on March 9, 1946.

"Article VI.

"I give and bequeath to said Allen all the shares of stock, both Class 'A' and Class 'B', of Rudolf Lesch Fine Arts, Inc. (hereinafter referred to as 'the Corporation'), that I may hold at the time of my death, but only upon the following terms and conditions:

\*   \*   \*   \*   \*   \*

"(2) That he, his executors, administrators, distributees and assigns, and all other successors in interest as holders of said shares, will make the following payments:

"(a) Pay to my said sister, Emma, as long as she may survive me, the sum of One Hundred Fifty Dollars ($150) per month; upon the death of the said survivor of said Emma and myself, pay to said Trude, the sum of One Hundred Twenty Dollars ($120) per month for the term of her natural life, and upon the death of the survivor of myself, said Emma and said Trude, pay to said Ingeborg the sum of One Hundred Dollars ($100) per month for the term of her natural life. The payments herein directed shall, however, commence and become due and payable only as, if and when, by act of Congress and/or by proclamation of the President, direct payments to said persons is again permitted."

The present appellants, the plaintiffs below, are the persons referred to in the will as Trude and Ingeborg; Emma having predeceased the testator.

On July 9, 1947, the Office of Alien Property isued a vesting order which purported to seize "all right, title, interest and claim of any kind or character whatsoever" belonging to the appellants arising out of the estate of Lesch. Defendant Allen was a legatee under Lesch's will and after the vesting by the Alien Property Custodian he purchased the Government's interest in the estate.

Defendant Hirst was the testator's attorney and executor under the will.

This action, brought to compel payment of the annuities, necessarily rests on the premise that by its vesting order the Government acquired no interest of the appellants. The district judge rejected this assumption and determined that the complaint failed to state a cause of action.[1] We agree.

■ The plaintiffs claim that at the testator's death, because of the above-quoted language in Article VI, they had nothing more than a "personal hope" or "mere expectancy" of deriving any benefit from the will. For this contention, the plaintiffs rely upon cases in which trustees are given untrammeled discretion to determine whether named persons should ever be given any money and if so, how much. See, e. g., Matter of Reckford's Will, 307 N.Y. 165, 120 N.E.2d 696. This type of trust has been held not to create rights which are properly cognizable as future estates, e. g., Brownell v. Leutz, D.C.D.N.D., 149 F. Supp. 98.

■ We cannot agree with this characterization of the plaintiffs' interest. Allen, as legatee, was unconditionally charged with the obligation to make payments upon the happening of a specified event, viz., action by Congress or the President permitting the payments to be made. Cf. Taylor v. Mason, 9 Wheat. 325, 22 U.S. 325, 6 L.Ed. 101, and Matter of Kempf's Will, 252 App.Div. 28, 297 N.Y.S. 307, affirmed 278 N.Y. 613, 16 N.E.2d 123. It well may be that the will should be construed as having created a present gift to the plaintiffs with only the dates of payment being bypassed or postponed. If this construction be adopted, the entire interest of the plaintiffs was indefeasibly vested at the death of the testator and was properly seized by the Alien Property Custodian. Matter of Heye's Will, Sur.Ct., 195 Misc. 1026, 91 N.Y.S.2d 266; In re Reiner's Estate, Sur.Ct., 44 N.Y.S.2d 282; Matter

1. The opinion below, reported at 155 F.Supp. 511, contains a more detailed fact background.

of Littman's Estate, Sur.Ct., 176 Misc. 679, 28 N.Y.S.2d 458.

The plaintiffs strenuously resist this interpretation and argue that there was no present gift and that not only were payments postponed but the gift itself was to become operative only upon the occurrence of the specified event. But even if this be the proper interpretation it does not help the plaintiffs. For in this situation plaintiffs have a cognizable future contingent interest which also was properly seized by the Alien Property Custodian. New York Real Property Law §§ 35, 37, 40, 52. Matter of Carrington's Estate, Sur.Ct., 195 Misc. 442, 90 N.Y.S.2d 757, 758, is in point. It involved a gift to a German national "on condition that, and at such time as, he shall personally come to the United States to receive the same."[2] Surrogate Frankenthaler held that an order of the Alien Property Custodian in language similar to that used in the case at bar was "sufficiently comprehensive to acquire the legatee's interests in the estate that came into being upon decedent's death." [195 Misc. 442, 90 N.Y.S.2d 758.] See also In re Bendheim's Estate, Sur.Ct., 124 Misc. 424, 209 N.Y.S. 141, affirmed without opinion 1st Dept., 214 App.Div. 716, 209 N.Y.S. 794, where the Surrogate held that it was unnecessary to decide whether the interest of a remainderman who predeceased the life tenant had been vested or contingent since, in either event, the Alien Property Custodian by his vesting order had become the owner of the remainderman's interest. See also In re Meahl's Estate, 4th Dept., 241 App.Div. 333, 271 N.Y.S. 665 and National Park Bank of New York v. Billings, 1st Dept., 144 App.Div. 536, 129 N.Y.S. 846, affirmed 203 N.Y. 556, 96 N.E. 1122, indicating that gifts upon certain conditions or contingencies are, at the very least, contingent future interests and estates under New York Real Property Law §§ 35 and 40 and not the "mere expectancy" for which plaintiffs contend.

The cases of Brownell v. Edmunds, 4 Cir., 209 F.2d 349; McGrath v. Ward, D.C.D.Mass., 91 F.Supp. 636, and Harvard Trust Co. v. Attorney General, 329 Mass. 79, 106 N.E.2d 269, upon which plaintiffs rely, are distinguishable. Hull v. Palmer, 213 N.Y. 315, 107 N.E. 653, affirmed Hull v. Farmers' Loan & Trust Co., 245 U.S. 312, 38 S.Ct. 103, 62 L.Ed. 312, involving the rights of a trustee in bankruptcy, does not require a different result here. In Matter of Bendit's Will, 1st Dept., 214 App.Div. 446, 212 N.Y.S. 526, it was even held that the Custodian could seize the life tenant's interest in a spendthrift trust.

In view of our holding that, at the testator's death, the plaintiffs, at the very least, had contingent future interests which were properly seized by the Alien Property Custodian we need go no further.

Affirmed.

2. For the facts of this case, see also Matter of Carrington's Estate, 192 Misc. 616, 81 N.Y.S.2d 77, 78.