William P. ROGERS, Attorney General of the United States, as Successor to the Alien Property Custodian, Plaintiff,

v.

The HARTFORD-CONNECTICUT TRUST COMPANY, as Trustee under the Will of Elise von Baeckmann, Defendant.

Civ. A. No. 5549.

United States District Court
D. Connecticut.
July 10, 1958.

---

10. See the discussion favoring this rule is King, supra note 2, at 78 and 82; Note, 28 Columbia Law Review 202, 20b.

Simon S. Cohen, U. S. Atty., Henry C. Stone, Asst. U. S. Atty., Hartford, Conn., Dallas S. Townsend, Asst. Atty. Gen., George B. Searls, Irving Jaffe and Lillian C. Scott, Attys., Office of Alien Property, Dept. of Justice, Washington, D. C., for plaintiff.

Everett F. Fink, Hartford, Conn., for defendant's trustee.

William H. Wood, Jr., Hoppin, Carey & Powell, Hartford, Conn., for defendant Walter von Baeckmann.

J. JOSEPH SMITH, Chief Judge.

### Finding of Facts

This is an action by the Attorney General as successor to the Alien Property

Custodian, under Section 17 of the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 17 as amended, against The Hartford-Connecticut Trust Company (now Connecticut Bank and Trust Company) as Trustee under the Will of Elise von Baeckmann to obtain a construction of the will and compliance with vesting orders.

The testatrix died at Hartford, Connecticut on November 19, 1945. Probate was completed and on October 9, 1946 the residue was ordered distributed to the Hartford-Connecticut Trust Co. as trustee in accordance with the will. The Trust Company still holds the residue as such trustee.

When the will was drawn July 1, 1942, the United States and Germany were at war. The testatrix was aware of the existence of the Trading with the Enemy Act. At the time, the testatrix desired to benefit her brothers and their issue in Germany. Her brother Walter, a national and resident of Germany at all times referred to, is the sole residuary beneficiary under the will and is the sole heir at law of the decedent Elise von Baeckmann, her brother Georg and all his issue having died before the decedent.

The will left the estate of the testatrix in trust to the defendant as trustee, the income to be paid to her friend P, an American citizen, until the war should cease and friendly relations with Germany be resumed, if P should die to B, also an American citizen, for the same period, if P and B should die before the testatrix or before the resumption of friendly relations, the income to be added to principal for 21 years or until friendly relations should be resumed, in either of which contingencies the trust was to terminate and the corpus be paid over to two designated German beneficiaries, brothers of testatrix, Walter and Georg von Baeckmann, if living, and to the surviving children and descendants per stirpes, of either brother not then living.

Under the Trading with the Enemy Act, the vesting order of May 20, 1947 purported to seize all right, title, interest and claim of any kind of the German beneficiaries in and to the trust. It was amended on November 1, 1955 to include personal representatives, heirs, etc. of the German beneficiaries, and on October 5, 1956 by adding all right, title, interest and claim to the estate of Elise von Baeckmann.

The parties are agreed that the Joint Resolution of October 19, 1951, 50 U.S. C.A.Appendix, preceding section 1, and the Presidential Proclamation of October 24, 1951, 50 U.S.C.A.Appendix, preceding section 1, were the contingencies intended by the decedent's will to cause termination of the trust and distribution to the persons entitled thereunder, but are in dispute as to the existence in the German beneficiary at the time of the vesting orders of any right, title or interest to which the vesting order could attach.

## Conclusions of Law

1. The Court has jurisdiction of the parties and subject matter of the action.

2. On the death of the testatrix, November 19, 1945, while the United States and Germany were at war, Walter von Baeckmann, an enemy national, acquired under the will of Elise von Baeckmann a vested interest as remainderman and cross-remainderman in the entire corpus of the trust under the will, payable on the resumption of friendly relations between the United States and Germany.

3. The vesting order of May 20, 1947 was effective to seize on behalf of plaintiff all interest of Walter von Baeckmann in the trust created by the will.

4. Upon the promulgation of the Presidential Proclamation of October 24, 1951 pursuant to the Joint Resolution of October 19, 1951 the trust by the terms of the will terminated and plaintiff became entitled to distribution of the entire corpus of the trust as successor to Walter von Baeckmann by virtue of the Trading with the Enemy Act and the vesting order of May 20, 1947.

## Opinion

■ In a ruling on intervention of parties, the court put the question as whether there was any vesting of rights in the remainderman under the will

prior to the termination of the war. However, it has recently been held that a remainderman's rights may be subject to seizure even if they are of a nature usually termed as "contingent" rather than "vested". Kammholz v. Allen, 2 Cir., 256 F.2d 437; Herrmann v. Rogers, 9 Cir., 256 F.2d 871.

There can be no question but that the testatrix in the case at bar, having knowledge of the state of war and of the alien property laws, intended and attempted to provide future transfer to the enemy beneficiaries after they should cease to become enemies, without creating any interest in them, however legally designated, which would become subject to seizure and so frustrate her ultimate purpose. The question is whether to do so is possible, however, under the Trading with the Enemy Act, for the relationship created, whether it be termed vested or contingent, present or future, may be under Connecticut law from the time of its creation on the death of the testatrix a thing of some worth and subject to seizure. If in the case at bar the testatrix followed a course of transferring her assets which the law considers to create present rights in another but to postpone their enjoyment, her purpose to avoid the impact of the seizure law may not be considered sufficient to create a new type of relationship, "vested" so as to be for instance alienable, but "contingent" for purposes of avoiding seizure. Our first question is what, under Connecticut law she did create.

 The Connecticut courts tend to favor early vesting, since this usually operates to carry out better the purposes of the testator. Gaffney v. Shepard, 108 Conn. 339, 143 A. 236. In the case at bar the beneficiaries were certain and the happening of the contingency was certain, for even though it may be argued that resumption of friendly relations between the United States and Germany might not occur for an indefinite period, or might never occur, (the latter an unlikely construction) even in that event the passing of 21 years would terminate the trust and require payment over of the principal to the beneficiaries. In the case at bar it is most probable, therefore, that the Connecticut courts would hold that the beneficiaries received a present right to take subject to divestment by death before the happening of the certain future event and we so hold, regardless of the testatrix' purpose to insulate the proceeds of her estate from seizure. The plaintiff argues that in any case the result cannot differ even if we call the interest created by the will in the beneficiaries a contingent interest, by analogy with the New York and California cases (see Kammholz v. Allen and Herrmann v. Rogers, supra). This appears to be correct. The Connecticut courts have recognized the "growing tendency to recognize the transferability of all kinds of future interests, to the extent that the transferee will take the right subject to the conditions of defeasibility upon which the transferor held it. Restatement, 2 Property, § 162", Second National Bank of New Haven v. Townsend, 130 Conn. 631, 640, 36 A.2d 744, 748. In this view, it makes no difference whether Walter's interest is considered vested as to his claim as direct beneficiary under the trust and contingent as to his claim to Georg's half as a surviving residuary remainderman, or contingent as to both. In either case the future interest would apparently be recognized as transferable today in spite of the contrary implication of Bristol v. Atwater, 50 Conn. 402, where the claim of a trustee in bankruptcy was involved. Cf. Daskam v. Lockwood, 103 Conn. 54, 64, 130 A. 92. Since the future interest had being and worth to that extent it was subject to seizure under the act.

A question does arise if the gift to Georg and his children and descendants is considered to have lapsed on the death of Georg and all his children. Both parties appear to agree that the will should be interpreted as giving a cross-remainder to Walter on Georg's death. The whole scheme of the will bears out this interpretation, and we so hold. In case of a lapse, Georg's half would go to Walter as sole heir of Elise, as intestate

property, and a question might arise as to whether it would be subject to seizure in view of the fact that interests in the estate of Elise as distinguished from the trust were first mentioned in the October 5, 1956 amendment to the vesting order.

■ However, the power to vest interests owned during the war period continued in the Attorney General after the resumption of friendly relations, and Walter's interest, if any, in the intestate estate of Elise vested at her death, November 19, 1945, during the war period, and had not been alienated so far as appears prior to the amended vesting order of October 5, 1956. This order was effective to vest any interest Walter had prior to January 1, 1947. Ladue & Co. v. Brownell, 7 Cir., 220 F.2d 468, certiorari denied 350 U.S. 823, 76 S.Ct. 50, 100 L. Ed. 736; Farbenfabriken Bayer A. G. v. Sterling Drug Inc., D.C.N.J., 148 F.Supp. 733, affirmed 3 Cir., 251 F.2d 300, certiorari denied 356 U.S. 957, 78 S.Ct. 994, 2 L.Ed.2d 1065.

Reviewing the chief contentions of the defendant,

Defendant argues that the interest of Walter was not "vested". Since the beneficiary was certain—Walter—(Georg and his issue having predeceased Elise) and the happening of the event certain—termination of the war or the earlier passage of 21 years, we should consider Walter's interest to the entire corpus as vested, subject to defeasance only by his earlier death.

Defendant argues also that contingent interests are not alienable nor subject to vesting under the Alien Property powers. Even if Walter's interests in whole or in part were so considered, the trend of Connecticut cases, however, is to treat contingent interests as having substance reachable under some conditions, which we feel would embrace the seizure powers under the Trading with the Enemy Act.

Defendant argues further that under a possible alternative holding that half the corpus is intestate estate of Elise because of the failure to provide specifically for the event of Georg and his issue

predeceasing Elise, Walter received nothing from the estate since there has been no distribution and there was therefore nothing to seize as an interest in the estate prior to January 1, 1947 as of when the power to seize retroactively ended. Yet, Walter, if entitled as an heir of Elise, acquired an equitable, if not a legal title to the personalty on Elise's death in 1945, subject to just charges against the estate, and the vesting order as amended was sufficient to seize such an equitable interest.

■ Defendant argues that the purpose of the Trading with the Enemy Act is not furthered by seizure here. It is true that the proceeds, if the purpose of the trust were carried out, would go to a national of a nation now friendly and allied to the United States and would not provide the sinews of war to an enemy. Yet that must have been plain to the Congress when the seizure powers were extended after the end of hostilities and it was apparently felt that interests in this country owned by then enemies during the period of hostilities should be put to use for the purposes of this country even though reduced to possession thereafter. Ladue & Co. v. Brownell, supra.

■■ Defendant's final claim is that the treaties of friendship between the United States and the Federal Republic of Germany, entered into since the termination of hostilities are in conflict with and supersede the 1951 Resolution extending the seizure powers so far as citizens of the German Federal Republic are concerned. There is in the treaty language, however, no clear indication of any intent to repeal, in whole or in part, the provisions of the Joint Resolution. Repeal by implication is not favored, and no such implication would be justified here. Farbenfabriken Bayer v. Sterling Drug, supra.

Walter received a vested future interest as remainderman and cross-remainderman in the entire corpus of the trust at the death of the testatrix. This was seized by the vesting order, and was payable to the plaintiff on the termination

of war and resumption of friendly relations between the United States and Germany.

Plaintiff is entitled to judgment for the entire corpus of the trust.

Form of judgment for plaintiff may be submitted on notice.