In the Matter of the Estate of HENRY BENDHEIM, Deceased.

Surrogate's Court, New York County, June 9, 1924.

Wills — construction — testamentary trust for benefit of decedent's sister, resident of Germany, with remainder over to her children, creates expectant estate in children — alien enemies — Alien Property Custodian duly served notice of demand for possession of distributive share of remainderman on October 18, 1918, pursuant to Trading with Enemy Act — interest of remainderman, resident of Germany, is alienable same as estate in possession under Real Property Law, § 59, and subject to seizure by Alien Property Custodian, pursuant to Trading with Enemy Act — remainderman's interest under trust paid over to Alien Property Custodian.

A will which sets up a trust fund for the benefit of decedent's sister, a resident of Germany, and directs that upon her death the principal thereof shall be paid in equal shares to such of her children as survive her *per stirpes* and not *per capita*, creates an expectant estate in such children as survive.

The distributive share of one of the surviving children, a resident of Germany, as remainderman under the trust should be paid over to the Alien Property Custodian in a proceeding for an accounting, where the said custodian duly served notice of demand for possession of the said share on October 18, 1918, pursuant to the provisions of the Trading with the Enemy Act, since the expectant estate of the remainderman is alienable in the same manner as an estate in possession, under section 59 of the Real Property Law, and was, therefore, subject to seizure by the Alien Property Custodian under the Trading with the Enemy Act, although said estate did not become payable until the death of the life beneficiary which occurred on August 20, 1923, after the declaration of peace between Germany and the United States.

PROCEEDING for an accounting involving the construction of a will.

*Harry J. Leffert,* for the trustees.

*Herbert A. Canter,* for Alfred Bendheim.

*Howard Carter Dickinson,* for Alien Property Custodian.

FOLEY, S.:

This is an accounting proceeding in which demand was made by the Alien Property Custodian of the United States that the distributive share of Alfred Bendheim in the principal of the trust estate created by decedent for the benefit of Betty Bendheim, the mother of Alfred Bendheim, be paid over to him as such custodian. The decedent died a resident of the county of New York in January, 1917. By his will he created among others, the following trust: " I give and bequeath to my executors hereinafter named, and such one or more of them as shall qualify, and the survivor and survivors of them, the sum of Two hundred thousand dollars, in trust nevertheless, to invest and reinvest the same and receive the income thereof until the payment over of the principal thereof, as hereinafter directed, and, during the life of my sister, Betty Bendheim, to pay over to her the net income thereof in at least semi-annual instalments, and, in trust further, upon her death, to pay over the principal thereof, in equal shares, to such children of her and such issue of any deceased child as shall survive her, *per stirpes* and not *per capita;* should, however, my said sister, Betty, not survive me, I give and bequeath the said sum of Two hundred thousand dollars to such children of her, and such issue of any deceased child as shall survive me, in equal shares, *per stirpes* and not *per capita.*"

Betty Bendheim was at all times a resident of Germany. She died on August 20, 1923, leaving her four children her surviving, one of whom, Alfred Bendheim, also was and still is a resident of Germany.

Disputes have arisen between all the parties as to whether the remainder interest of Alfred Bendheim was vested or contingent. In my opinion the remainder was unquestionably contingent, as a gift to a class, the time for ascertainment of the membership of the class being the death of Betty Bendheim. (*Matter of Kimberly,* 150 N. Y. 90; *Matter of Crane,* 164 id. 71; *Matter of King,* 200 id. 189; *Matter of Buechner,* 226 id. 440; *Matter of McKim,* 115 Misc. 720; *Matter of Kissam,* 115 id. 724.) Irrespective, however, as to whether the remainder was vested or contingent, the demand served on the trustee of decedent's estate by the Alien Property Custodian on October 30, 1918, vested in him as such custodian every interest of Alfred Bendheim in the trust. The demand served reads in part as follows: " I, as Alien Property Custodian,

Surrogate's Court, New York County, June, 1924.  · [Vol. 124

hereby require that every right, title and interest of said enemy in and to the estate above described, including every power and authority thereover, shall be by you conveyed, transferred, assigned, delivered and paid over to me, as Alien Property Custodian, to be by me held, administered and accounted for as provided by law, and that any money or property now or hereafter held by you, which the enemy may at any time or times, now or hereafter, be entitled to receive either upon or without demand, shall at such time or times be conveyed, transferred, assigned, delivered, and paid over to me, as Alien Property Custodian."

The President of the United States by an executive order, dated February 26, 1918 (See The Official Bulletin, vol. 2, March 2, 1918), prescribed certain rules and regulations respecting the powers, authority and duties of the Alien Property Custodian under the Trading with the Enemy Act (40 U. S. Stat. at Large, 411, chap. 106, as amd.). Section 1(c) provides: " The words ' right,' ' title,' ' interest,' ' estate,' ' power,' and ' authority ' of the enemy, as used herein, shall be deemed to mean respectively, such right, title, interest, estate, power and authority of the enemy as may actually exist, and also such as might or would exist if the existing state of war had not occurred, and shall be deemed to include, respectively, the right, title, interest, estate, power and authority in law or equity or otherwise of any representative of or trustee for the enemy or other person claiming under or in the right of, or for the benefit of, the enemy."

Section 2(a) provides: " * * * A demand for the conveyance, transfer, assignment, delivery, and payment of money or other property unless expressly qualified or limited shall be deemed to include every right, title, interest, and estate of the enemy in and to the money or other property demanded, as well as every power and authority of the enemy thereover."

Section 2(c) provides: " When demand shall be made and notice thereof given, as hereinbefore provided, such demand and notice shall forthwith vest in the Alien Property Custodian such right, title, interest, and estate in and to and possession of the money or other property demanded and such power or authority thereover as may be included within the demand, and the Alien Property Custodian may thereupon proceed to administer such money and other property in accordance with the provisions of the ' Trading-with-the-Enemy Act ' and with any orders, rules or regulations here- tofore, hereby, or hereafter made by me or heretofore or hereafter made by the Alien Property Custodian."

It is contended that Alfred Bendheim's share in the trust estate, being contingent, did not become payable until the death of the

Misc. 427]    Surrogate's Court, New York County, October, 1924.

life beneficiary (which occurred after the declaration of peace between Germany and the United States), and that there was no interest of Alfred Bendheim on the day of the demand which was the subject of acquisition by the Alien Property Custodian. Alfred Bendheim was vested with an expectant estate. "An expectant estate is descendible, divisible and alienable in the same manner as an estate in possession." (Real Prop. Law, § 59.) Such an estate, therefore, is an interest in property, and as such was subject to taking over under the Federal statute. It was held in *Keppelmann* v. *Keppelmann* (91 N. J. Eq. 67, revg. 89 id. 390) that the equitable interest of a beneficiary in a trust was subject to seizure by the Alien Property Custodian under the Trading with the Enemy Act. In New York a future contingent interest in a trust estate is subject to levy and sale under execution on a judgment against the remainderman. (*Cohalan* v. *Parker*, 138 App. Div. 849; *Higgins* v. *Downs*, 101 id. 119.) It was also held in *Clowe* v. *Seavey* (208 N. Y. 496; see, also, *West* v. *Burke*, 219 id. 7) that future contingent interests in personal property are alienable, and such an interest passes to a trustee in bankruptcy. In substance the property right of a trustee in bankruptcy is much the same as the right of the Alien Property Custodian under both the original and amended Trading with the Enemy Act. The surrogate has no alternative, therefore, except to direct that the interest of Alfred Bendheim, as remainderman under the trust, be paid over to the Custodian.

Submit decree accordingly.