In the Matter of the Estate of SIGMUND L. BENDIT, Deceased.

Surrogate's Court, New York County, January 7, 1925.

Aliens — Alien Property Custodian — claim of Alien Property Custodian for accrued income due beneficiary as former alien enemy — said Custodian served demand upon trustee of estate for payment of all moneys due beneficiary pursuant to Trading with Enemy Act — rights of Custodian in estate terminated with declaration of peace between United States and Germany — interest of beneficiary not transferable under Personal Property Law, § 15 — beneficiary entitled to payment of all income accruing after declaration of peace — counsel fees and disbursements payable out of corpus of trust.

The petition of the Alien Property Custodian, upon a proceeding for an accounting of the trustee of decedent's estate, for a decree directing payment to him of certain accrued income due one of the beneficiaries thereof as a former alien enemy, should be denied, in so far as it would vest in him the right to collect the said income accruing after July 2, 1921, since his rights in the estate ceased immediately upon the termination of the World War upon the adoption of the joint resolution of Congress of July 2, 1921, at which time the status of the beneficiary was changed from an alien enemy to an alien friend.   As such, she is entitled to the payment of all income of said estate accruing after July 2, 1921.

The interest of the beneficiary, as life tenant, was not transferable under the provisions of section 15 of the Personal Property Law.

Counsel fees and disbursements set forth in the account should be paid out of the corpus of the trust rather than from the income.

PROCEEDING for an accounting of trustees of estate.

*Tanzer & Lane* [*Laurence Arnold Tanzer* and *Eugene L. Mullaney* of counsel], for the executors.

*Benjamin F. Schreiber*, special guardian.

*Duer & Taylor*, for Thomas W. Miller, Alien Property Custodian.

FOLEY, S.:

Two questions arise for determination in this accounting of the trustees of the estate.

(1) The Alien Property Custodian of the United States has appeared and by answer prays for a decree directing payment to him of certain accrued income due one of the beneficiaries as a former alien enemy. Under the terms of the will, a trust was created with direction to pay the income for life to Pauline Heidenheimer, a sister of the testator. Mrs. Heidenheimer was and is a resident of Germany. The Custodian served, pursuant to the Trading with the Enemy Act and the Executive Orders of the President of the United States, a demand upon the trustee on May 4, 1918, for the delivery of all the right, title and interest of Pauline Heidenheimer in the estate including the payment of all moneys which might become due and payable to her in the future. The questions to be determined are as follows:

Did the demand of the Alien Property Custodian vest in him the right to collect the income payable to Mrs. Heidenheimer, the *cestui*, during her entire lifetime, which was the duration of the trust?

Was the right of the Alien Property Custodian to collect such income terminated on July 2, 1921, the date of the passage of the resolution declaring peace?

These questions involve inherently the application of the law of New York to the rights of the equitable life tenant. The corpus of the trust consisted of approximately $60,000 made up entirely of personal property. Section 15 of the Personal Property Law prohibits the transfer of the income of a trust by the life beneficiary. That section reads as follows: " The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, can not be transferred by assignment or otherwise. * * *." The effect of a demand under the act was construed by Judge LEARNED HAND in *Miller* v. *Rouse* (276 Fed. 715) to substitute the Custodian in the place of the beneficiary, and to entitle him to the rights which

the beneficiary had under the will and no more.   (See, also, *Commercial Trust Co.* v. *Miller*, 262 U. S. 51.)

In the present estate, therefore, the Custodian occupied the same position as the beneficiary of the trust.   He was entitled under the demand to collect the income as it accrued, while the beneficiary remained an alien enemy.   Immediately upon the termination of the war by the joint resolution of Congress adopted on July 2, 1921, the status of the life tenant was changed from an alien enemy to an alien friend and the rights of the Custodian in this estate thereby ceased.   She was forbidden by our statute to anticipate the income or to transfer any prospective installment of income.   (*Bergmann* v. *Lord*, 194 N. Y. 70; *Matter of Ungrich*, 201 id. 415.)

The Custodian's interest was no greater than the beneficiary's. No permanent or continuing right to income vested in him.   His demand for subsequent amounts after the end of the war was as futile as if he attempted to serve a new demand after the formal declaration of peace.   (*Miller* v. *Rouse, supra*.)   My decision in *Matter of Bendheim* (124 Misc. 424) has no application to the facts here.   In that case the Alien Property Custodian made demand for the interest of a remainderman in a trust.   Under the provisions of section 59 of the Real Property Law I held that such an interest was assignable and that it vested in the Custodian.   The statutory difference between the interest of an equitable life tenant and the interest of a remainderman is clear.   The former's interest under the law is not transferable; the latter's interest may be conveyed.

The decree should, therefore, direct payment of all income accruing after July 2, 1921, directly to the life tenant.

(2) The counsel fees and disbursements set forth in Schedule D of the account should be paid out of the corpus of the trust instead of from income.   (*Matter of Eddy*, 207 App. Div. 162, 164.)

Submit decree on notice accordingly.