**CENTRAL HANOVER BANK & TRUST CO. v. MARKHAM, Alien Property Custodian, et al.**

District Court, S. D. New York.

Oct. 11, 1946.

Rathbone, Perry, Kelley & Drye, of New York City (Francis S. Bensel, of New York City, of counsel), for plaintiff.

John F. X. McGohey, U. S. Atty., of New York City (Laurence H. Axman, Asst. U. S. Atty., of New York City, of counsel), for defendants.

CONGER, District Judge.

Cross-motions for summary judgment pursuant to Rule 56 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Both parties assert that there is present here no genuine issue as to any material fact, and each asks for summary judgment.

A brief reference to what has gone on before may perhaps be helpful.

On or about October 3, 1942, Leo T. Crowley, the then acting Alien Property Custodian, pursuant to the powers conferred on him by the Trading with the Enemy Act of 1917, as amended, 50 U.S.C.A. Appendix, § 1 et seq., and pursuant to Executive Order No. 9095, as amended, 50 U.S.C.A.Appendix, § 6 note, issued his vesting order No. 206, wherein he vested all rights to certain shares of stock of Maywood Chemical Works, including a number of shares of said stock held by, and in the possession of, plaintiff. Pursuant to demand from the Alien Property Custodian and in compliance with said demand and vesting order, plaintiff delivered to the Alien Property Custodian all of the said shares of stock in the Maywood Chemical Works so held by it.

Plaintiff, after due demand for the return of the stock, has brought this action pursuant to Section 9(a) of the Act against the Alien Property Custodian for the recovery of the said shares of stock. Plaintiff also seeks judgment against the Treasurer of the United States for dividends collected on said shares since the date of seizure.

Plaintiff has been and is the duly appointed and acting Successor Trustee of a certain trust created under and by the last will and testament of Helen Kyriss, which was admitted to probate on July 30, 1931 by the Surrogate's Court of New York County.

In and by the third paragraph of this will, the decedent Helen Kyriss gave one-half of her property in this country to the Trustee therein named and its successor, in trust, for the benefit of her husband, Ernst Kyriss, and the remaindermen, with directions to pay the income to her said husband during his life and at his death to divide the capital in equal parts among his children and the issue of any deceased child or children.

The shares of stock in dispute form part of this trust fund and plaintiff has been in possession of said stock as such Trustee.

At the time of the issuance of the vesting order, the husband was alive and resided in Germany. There were two children, a son and a daughter, alive and living in Germany. The papers show that at that time all three were residents and citizens of Germany. It is claimed by plaintiff that the daughter now is and has been since 1938 a resident of Austria, by reason of her marriage to an Austrian in that year.

Plaintiff, a citizen of this country and not an enemy, being the owner as such Trustee of the shares of the seized stock, contends that it is entitled to the return thereof regardless of the residence or citizenship of the beneficiaries of the trust which it is administering.

The plaintiff does not dispute the right of the Alien Property Custodian to vest and seize the interest of the life beneficiary, Ernst Kyriss, in the income of the trust and the vested or contingent interests of the son and daughter as remaindermen, assuming both are enemy aliens. It does claim, however, as successor in title to the interests of the life beneficiary and the remaindermen, that the Alien Property Custodian does not become entitled to possession of the corpus of the trust.

Plaintiff further urges that § 15 of the New York Personal Property Law, Consol. Laws, c. 41, precludes the seizure here by the Alien Property Custodian inasmuch as his action would result in the destruction of a valid trust before the expiration of the terms designated by the testatrix.

The record is not quite clear as to the residence or citizenship of the daughter, but it makes no difference, as I see it. Section 5(b) of the Act was amended by Title III, § 301, of the First War Powers Act of 1941, 50 U.S.C.A.Appendix, § 5(b). The amendment added an entirely new vesting provision to include "[the] property or interest of any foreign country or national thereof." By Executive Order No. 9095, as amended by Executive Order No. 9193, these powers were delegated and vested in the Alien Property Custodian. See Draeger Shipping Co. v. Crowley, 1943, D.C.S.

D.N.Y., 49 F.Supp. 215, where Judge Bondy discusses these expanded powers of the Custodian.

I now come to the heart of the problem and that is the contention of the Trustee that it holds the legal title of a testamentary trust which under the law of New York is indestructible. The Trustee contends that the Custodian succeeds only to the interests owned by the aliens; and that the life tenant and the remaindermen could not have agreed to end the trust involved.

The terms of the Act, Sections 7(c) and 5(b) as amended, are so general and all-inclusive that it permits the seizure under proper circumstances of almost any character of interest in property. Any other ruling, it seems to me, would be to frustrate the purpose of the Act.

We are dealing here with property of foreign nationals. Today they are the only ones interested in this property either as a life tenant or as remaindermen. If their nationality is such that the Act applies to them, as I think it does, I see no reason why the seizure is not legal. Plaintiff has no real interest here except to administer a fund which because of its real ownership must under the Act be turned over to the United States through its duly authorized officer. The cases generally indicate a tendency to permit the seizure by the Custodian of various interests. For instance, in Kahn v. Garvan, 1920, D.C.S. D.N.Y., 263 F. 909, 914, the Custodian had seized the interests of three beneficiaries under a deed of trust. The Court, through Learned Hand, D.J. pointed out that: "There can be not the least doubt that the capture was within the act because section 7(a), third paragraph, and section 7(c), and section 7(d) all very clearly include equitable interests in any kind of property." 263 F. at page 914.

In Keppelmann v. Keppelmann, 91 N.J. Eq. 67, 108 A. 432, cert. den. sub. nom. Keppelmann v. Palmer, 1920, 252 U.S. 581, 40 S.Ct. 392, 64 L.Ed. 727, there was a bill by trustees for instructions. There a trust had been created by the testator for his three daughters, all of whom were enemy aliens. A demand was made upon the trus-

tees by the Custodian. The Court said at page 69 of 91 N.J.Eq., at page 433 of 108A.: "The manifest purpose of Congress was that the statute should operate, not only upon property the legal title to which is in the alien, but on all property held for him or for his benefit, whether the legal title be in him, or in the person who holds it for his benefit. In the present case the property is held in trust by the complainants solely for the benefit of these three daughters of the testator, and comes within the very words of the statute, for although they are not the holders of the legal title of the trust estate, they are the equitable owners thereof; the whole beneficial interest being lodged in them." This interpretation of the Act is quite appropriate to the situation in the case at bar. In this connection there is a provision in Executive Order 9193, amending Executive Order 9095, authorizing the Alien Property Custodian "to direct, manage, supervise, control or vest, with respect to: * * * (f) any property of any nature whatsoever which is in the process of administration by any person acting under judicial supervision or which is in partition, libel, condemnation or other similar proceedings and which is payable or deliverable to, or claimed by, a designated enemy country or national thereof. * * *"

In Matter of Bendit's Will, 1925, 214 App.Div. 446, 212 N.Y.S. 526, there was a question raised as to the rights of the Custodian to income from a trust created by the testator for his sister in Germany. The corpus on her death was to go to the testator's wife in the United States under the residuary clause.

The Court stated that: "* * * the said provision [Section 15 of the Personal Property Law] of the New York statute did not prevent the Alien Property Custodian from acquiring, by authority of the act of Congress and the executive orders aforesaid, whatever interest the alien enemy had under the will of the decedent." 214 App.Div. at page 452, 212 N.Y.S. at page 531.

In re Bendheim's Estate, 1924, 124 Misc. 424, 209 N.Y.S. 141, involved facts similar to those of the case at bar. There was

trust for the life of Betty Bendheim with the corpus at her death to go to her children, or grandchildren. The demand by the Custodian related to the interest of one child. All lived in Germany. The Court, through Surrogate Foley, said: "Irrespective, however, as to whether the remainder was vested or contingent, the demand served on the trustee of decedent's estate by the Alien Property Custodian on October 30, 1918, vested in him as such Custodian every interest of Alfred Bendheim in the trust." 124 Misc. at page 425, 209 N.Y.S. at page 143. He concluded: "'An expectant estate is descendible, divisible and alienable in the same manner as an estate in possession.' [R.P.L. § 59]. Such an estate, therefore is an interest in property, and as such was subject to taking over under the federal statute." 124 Misc. at page 427, 209 N.Y.S. at page 144.

If we assume, in view of the forgoing, that the Custodian may seize the interests and the corpus of the trust then we must note that by virtue of Section 12 of the Act he may handle the property as though he were the absolute owner, although he does not have to do anything other than to preserve it. See also Farmers' Loan & Trust Co. v. Hicks, 2 Cir., 9 F.2d 848.

The extremely broad and inclusive language of these sections of the Act must be noted in deciding whether the Trustee's contention as to the indestructibility of the trust will prevail as against that of the Custodian that he can keep the corpus. We must also remember the aims of the Act. All the sweeping provisions of this Act have been continuously upheld as part of the war-making powers. There is no one at present who can claim any exemption from the provisions of § 5(b), as amended, and § 7(c), and so there is no possible interest that must be protected as was the case in Isenberg v. Trent Trust Co., 9 Cir., 26 F.2d 609, where there were two American beneficiaries. Thus, we come down to the point where we must choose between the New York trust laws, which, as matters now stand, would merely forestall the possession of this estate by the United States, and the broad provisions of the Trading with the Enemy Act which

832

seem to give the Custodian extensive powers over property such as this.

By reason of the above I have come to the conclusion that the plaintiff's motion as to both counts in its cause of action must be denied and the motion of defendants granted.

Settle decree on notice.