KANAME FUJINO v. CLARK,
Attorney General.

No. 11786.

United States Court of Appeals
Ninth Circuit.

Jan. 31, 1949.

J. Garner Anthony and William F. Quinn, both of Honolulu, T. H. (Robertson, Castle & Anthony, of Honolulu, T. H., of counsel), for appellant.

David L. Bazelon, Asst. Atty. Gen., Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., Max Isenbergh, Sp. Asst. Atty. Gen., and James L. Morrison, Atty., Dept. of Justice, of Washingon, D. C., for appellee.

Before MATHEWS and HEALY, Circuit Judges, and BLACK, District Judge.

MATHEWS, Circuit Judge.

This appeal is from a judgment dismissing an action brought by appellant, Kaname Fujino, a citizen of the United States residing in Hawaii, against the Alien Property Custodian [1] to recover real property situated in Hawaii.

On February 20, 1941, and until March 21, 1941, the property was owned by appellant's father, Yotaro Fujino, hereafter called Yotaro, who at all pertinent times was a subject, resident and national of Japan and was within Japan.

On February 20, 1941, Yotaro executed and acknowledged a power of attorney making, constituting and appointing Tokuichi Tsuda and Yasuo Tsutsumi his attorneys in fact, for him and in his name, to sell and otherwise dispose of real property and to execute, acknowledge and deliver deeds. The power of attorney was recorded in Hawaii on March 17, 1947.

On March 21, 1941, Tsuda and Tsutsumi, acting as Yotaro's attorneys in fact, executed and acknowledged a deed which purported to give, grant, bargain, sell and convey the property here involved to appellant in consideration of $1 and love and affection. The deed was delivered to appellant on or about May 4, 1941, and was recorded in Hawaii on May 19, 1941.

On December 3, 1943, while the United States was at war with Japan, the Custodian found, after investigation, that Yotaro was the beneficial owner of the property, and that appellant was controlled by or acting for or on behalf of Yotaro. Accordingly, on December 3, 1943, pursuant to § 5(b) of the Trading with the Enemy Act, as amended, 12 U.S.C.A. § 95a, 50 U.S.C.A.Appendix, § 5(b), and Executive Order No. 9095, as amended, 7 F.R. 5205, 3 C.F.R., Cum.Supp., p. 1174, 50 U.S.C.A.

---

[1] While the action was pending, the Custodian's functions were transferred to appellee, the Attorney General, by Executive Order No. 9788, 11 F.R. 11981, 3 C. F.R., 1946 Supp., p. 169, 50 U.S.C.A.Appendix, § 6 note, and appellee was substituted as defendant in the Custodian's place and stead.

Appendix, § 6 note, the property was vested in the Custodian by his Vesting Order No. 2724, 8 F.R. 16937. The Custodian thereupon seized the property and held it until October 15, 1946, after which it was held by appellee, the Attorney General.[2]

Claiming to be the owner of the property, appellant filed a notice with the Custodian on March 27, 1944, and brought this action on February 13, 1946. The Custodian answered, appellant replied, a trial was had, findings of fact and conclusions of law were stated,[3] and on June 5, 1947, a judgment dismissing the action was entered. This appeal followed.

The action was based on § 9(a) of the Trading with the Enemy Act, as amended, 50 U.S.C.A.Appendix, § 9(a), which provides: "Any person not an enemy or ally of enemy[4] claiming any interest, right, or title in any money or other property which may have been conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian or seized by him hereunder and held by him or by the Treasurer of the United States * * * may file with the said custodian a notice of his claim under oath and in such form and containing such particulars as the said custodian shall require; and the President, if application is made therefor by the claimant,[5] may order the payment, conveyance, transfer, assignment, or delivery to said claimant of the money or other property so held * * * or of the interest therein to which the President shall determine said claimant is entitled: * * * If the President shall not so order within sixty days after the filing of such application or if the claimant shall have filed the notice as above required and shall have

made no application to the President, said claimant may institute a suit in equity[6] * * * in the district court of the United States for the district in which such claimant resides * * * (to which suit the Alien Property Custodian or the Treasurer of the United States, as the case may be, shall be made a party defendant), to establish the interest, right, title * * * so claimed, and if so established the court shall order the payment, conveyance, transfer, assignment, or delivery to said claimant of the money or other property so held * * * or the interest therein to which the court shall determine said claimant is entitled. * * *"

It is clear that, unless appellant had some interest, right or title in the property here involved, within the meaning of § 9(a), this action was properly dismissed. Appellant claimed no interest, right or title except the title, hereafter called the record title, evidenced by the deed of March 21, 1941.

The District Court found that, although the record title stood in appellant's name, the beneficial ownership of the property was retained by Yotaro, and that, in holding the record title, appellant acted for and on behalf of Yotaro and was controlled by him. Thus, in effect, the record title was found to be a sham. The findings are supported by substantial evidence, are not clearly erroneous and hence are accepted by us as correct.[7]

Upon the facts found, the District Court concluded, and we agree, that appellant had no interest, right or title in the property, within the meaning of § 9(a).[8]

Judgment affirmed.

---

[2] See footnote 1.

[3] Kaname Fujino v. Clark, D.C.Hawaii, 71 F.Supp. 1.

[4] For definitions of the terms "enemy" and "ally of enemy," see § 2 of the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 2.

[5] Appellant made no application to the President.

[6] Now called a civil action. See Rules 1 and 2 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

[7] See Rule 52(a) of the Federal Rules of Civil Procedure.

[8] Stoehr v. Wallace, 255 U.S. 239, 41 S.Ct. 293, 65 L.Ed. 604; Kind v. Clark, 2 Cir., 161 F.2d 36; Standard Oil Co. v. Clark, 2 Cir., 163 F.2d 917.