In the Matter of the Accounting of CENTRAL HANOVER BANK AND TRUST COMPANY, as Trustee under the Will of HEINRICH E. F. SANDHAGEN, Deceased.

Surrogate's Court, New York County, September 11, 1951.

*Charles V. Parsell* and *Chester B. McLaughlin, Jr.,* for trustee, petitioner.

*Irving H. Saypol, United States Attorney for the Southern District of New York (James A. Devlin* and *Clinton Brome* of counsel), for J. Howard McGrath, Attorney General of the United States, as successor to the Alien Property Custodian, respondent.

*David L. Schreiber,* special guardian for Michael d'Orville and others, infants, respondents.

FRANKENTHALER, S. The Attorney General of the United States, as successor to the Alien Property Custodian, objects to the account of the trustee on the ground that he is entitled to the corpora of the testamentary trusts created by decedent. One trust directs the trustee to pay the income therefrom to testator's brother, Anton Friedrich Sandhagen, for his life, and on his death to pay the income to testator's sister, Emma Elisabeth d'Orville, for her life; upon the death of the life beneficiaries, the principal is to be paid to such person or persons as Anton Friedrich Sandhagen appoints by will or in default of such appointment to the surviving issue of Emma Elisabeth d'Orville per stirpes and not per capita. The second trust directs the payment of the income to Emma Elisabeth d'Orville for life, remainder to her surviving issue per stirpes.

Anton Friedrich Sandhagen died on November 11, 1945, in Steinbach, Germany, leaving a will in which he exercised his power of appointment in favor of his niece, Maria d'Orville. and his nephew, Hans d'Orville, one half to each.

Emma Elisabeth d'Orville, the present life beneficiary of both trusts, has four children, Emma Sofia Marie d'Orville (also known as Maria d'Orville), Hans Friedrich d'Orville, Gustav Edward d'Orville and Heinrich Wilhelm Franz d'Orville. The whereabouts of the last named is unknown but it has been stated that he is a prisoner in Russia. Heinrich Wilhelm has two children and Gustav Edward has three, all of whom are alive.

On May 19, 1947, the Attorney General of the United States executed Vesting Order 8990 whereby he vested the right, title and interests of Emma Elisabeth d'Orville, Hans d'Orville and Marie d'Orville in and to the trusts created by the testator. On May 1, 1950, this order was amended to vest all right, title and interest of all of the above-named German nationals and the right, title and interest of the issue, names unknown, of Emma Elisabeth d'Orville in and to these trusts (15 Federal Register 2791, May 10, 1950).

The issues raised by the objections of the Attorney General and the report of the special guardian are, first, whether the exercise of the power of appointment by Anton Friedrich Sandhagen was effective, and, second, whether the corpora of the trusts should be paid over to the Attorney General pursuant to the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 5, subd. [b], as amd.).

The court holds that the attempted exercise of the power of appointment is of no effect. Subdivision (b) of section 5 of the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 5, subd. [b]) empowers the President to regulate dealings with respect to property located in the United States in which a foreign national has any interest. By executive order, the President prohibited unlicensed transfers or payments by banking institutions within this country by or in favor of a national of certain foreign countries, including Germany. The Secretary of the Treasury was given power to prescribe regulations in furtherance of this order (Executive Order 8389, April 10, 1940, amd. by Executive Order 8785, June 14, 1941). On April 21, 1942, the Treasury issued General Ruling No. 12 (7 Fed. Reg. 2991) which detailed the transfers interdicted by the act and the executive orders in the absence of a duly issued license. In defining the term "transfer," the ruling stated that it "shall include the making, execution, or delivery of any * * * power of appointment". It is unquestioned that the assets here involved are within the coverage of the act, that the trustee is a "banking institution," that Anton Sandhagen was a German national, and that he was not issued an appropriate license.

Since the exercise of the power is clearly a " transfer " within the general ruling, it must be held ineffective.

On the second issue the court holds that the corpora of the trusts must be turned over to the Attorney General. Where the right, title and interest of all parties beneficially interested in a trust have been vested by the Alien Property Custodian, the courts have uniformly held that he is entitled to the principal (*Central Hanover Bank & Trust Co.* v. *Markham*, 68 F. Supp. 829 [U. S. Dist. Ct., S. D., N. Y., 1946]; *Matter of Dreyfuss*, N. Y. L. J., Feb. 21, 1951, p. 646, col. 7; *Matter of Kuhirt*, N. Y. L. J., May 9, 1949, p. 1653, col. 3; *Matter of Herrman*, N. Y. L. J., March 18, 1949, p. 997, col. 1). As this court will accord great weight to the opinions of Federal tribunals upon Federal statutes, the *Markham* case (*supra*) must be deemed controlling. Whether the trusts are held to be terminated, with a reversion to the testator's estate, or whether they are merely suspended during the period of vesting by the United States is not now before the court. For the purpose of the present suit, the immediate result will be the same, as the interests of all parties have been vested by the Attorney General. *Chase Nat. Bank* v. *Reinecke* (76 N. Y. S. 2d 63, affd. *sub nom. Chase Nat. Bank* v. *McGrath*, 276 App. Div. 831, affd. 301 N. Y. 602), is not in point as the sole question raised therein was whether the Attorney General had succeeded to the settlor's power to manage the trust and direct payment of income therefrom, the court holding that he did not.

Submit decree on notice settling the account accordingly.