**CORDERO v. BROWNELL et al.**

No. 209, Docket 22987.

United States Court of Appeals Second Circuit.

Argued March 10, 1954.

Decided March 24, 1954.

Solomon E. Star, New York City (McManus & Ernst, New York City, on the brief), for plaintiff-appellant.

George B. Searls, Atty., Dept. of Justice, Washington, D. C. (Dallas S. Townsend, Asst. Atty. Gen., James D. Hill, Atty., Dept. of Justice, Washington, D. C., and J. Edward Lumbard, U. S. Atty., New York City, on the brief), for defendants-appellees.

Before CLARK, MEDINA, and HARLAN, Circuit Judges.

PER CURIAM.

In a reasoned opinion, D.C.S.D.N.Y.; 111 F.Supp. 556, Judge Kaufman granted a summary judgment for defendants in this action by an administrator c. t. a. for the return of property vested in the Alien Property Custodian under the Trading with the Enemy Act, 50 U.S.C.A. Appendix, § 9(a), holding that, whatever the status of the administrator or his testator, recovery could not be had where the ultimate beneficial owners were enemies as defined in § 2(a). We affirm for the reasons stated in the opinion. As to the Attorney General's motion to dismiss on the ground that he was not substituted for former Attorney General McGranery within six months of his succession to the office, as required by Fed.Rules Civ.Proc. rule 25(d), a difficult question is presented, since the Supreme Court has construed most strictly the former 28 U.S.C. § 780, requiring such substitution, and has even discussed it in terms of jurisdiction of the district court. Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93, 95 L. Ed. 15. This statute was repealed, effective September 1, 1948, because, according to the Reviser's Note, it had been superseded by the rules—see Committee Note to amended F.R. 25(d)—thus leaving the period of limitation stated only in a procedural rule of court. The rather serious questions thus presented are more or less academic here, since the substitution of the defendant Treasurer of the United States was made in proper time. Decision on the main issue is therefore in any event necessary.

Judgment affirmed.