Schreiber, J.
The plaintiff trustee’s prayer for relief in the settlement of its accounts is granted. The relief requested in the answer of the Attorney General is denied. Whatever may be the difference between the original and the amended vesting orders the indisputable fact remains that there is at least one person now in being who is a United States citizen and who may well become entitled to the entire principal of this trust upon its termination. The decisions in Matter of Sandhagen (200 Misc. 847) and Matter of Young (204 Misc. 92) are not controlling. In Matter of Sandhagen, it was discovered after the decision and an appeal taken therefrom that the life beneficiary of both trusts had died prior to the entry of the decree and there was therefore no dispute that the trust res had vested in enemy aliens. In Matter of Young, after an appeal had been taken the Attorney General stipulated that the principal was to remain *560 with the trustee and that the trustee was to pay Turn only the income, which admittedly belonged to an enemy alien. The Attorney General will be fully protected and complete justice done to all parties herein, particularly in view of the direction in the instant trust indenture (valid under Illinois law) that all income is to be accumulated and added to principal, by a direction to be inserted in the judgment to be entered herein that no payments of principal or income are to be made by the trustee to any beneficiary without sixty days’ written notice to the Attorney General, such notice to be given by registered mail. Settle judgment.