**DIX v. BROWNELL, Atty. Gen.**

**Civ. A. No. 13699.**

United States District Court,
E. D., New York.

June 29, 1954.

---

3. Troy Bank v. Whitehead & Co., 222 U S. 39, 40, 32 S.Ct. 9, 56 L.Ed. 81; cf. American Surety Co. v. Bank of California, 9 Cir., 133 F.2d 160.

George C. Dix, plaintiff, in person, for the motion.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., for defendant, by Walter T. Nolte, Office of Alien Property Custodian, Department of Justice, Washington, D. C., in opposition.

RAYFIEL, District Judge.

The defendant moves to dismiss the complaint herein and the plaintiff, by cross motion, asks for summary judgment in his favor.

The plaintiff, a citizen of the United States, and a resident of the Eastern District of New York, brings this action against the defendant, as successor to the Alien Property Custodian, under section 9(a) of the "Trading with the Enemy Act", Title 50 U.S.C.A. Appendix, § 9(a), claiming that he has a right, title and interest in certain real property located in New Jersey, the title to which was vested in the defendant on August 8, 1951, pursuant to vesting order No. 18294.

The facts, briefly, are as follows: The property in question was owned by D. A.B. Recreational Resort, Inc., a New York corporation. In 1943 the Alien Property Custodian vested all the stock in the said corporation, ousted its officers and directors, and designated his own employees to serve in their places. Taxes were assessed against the property for the years 1943, 1944, 1945, and 1946 by the Borough of Bloomingdale, County of Passaic, State of New Jersey, no part of which was paid. On December 27, 1946, the Collector of Taxes of the said Borough, by reason of said default in payment, conducted a sale of the property and the same was sold to the plaintiff, who duly filed the certificates of sale in the Register's Office, County of Passaic, on January 4, 1947.

Under the laws of the State of New Jersey the purchaser of the said certificates had the right to bring an action to foreclose the right of redemption therein not less than two years after the execution and delivery of the said certificates, provided that the property had not been redeemed during that period, N.J.S.A. 54:5–86. The plaintiff commenced such an action in the Superior Court of New Jersey, Chancery Division, Passaic County, on July 1, 1951. The D.A.B. Recreational Resort, Inc. and the United States of America, among others, were named as defendants. On August 8, 1951, while the said action was pending, the Attorney General of the United States issued vesting order No. 18294, naming the D. A.B. Recreational Resort, Inc., as owner of the fee, and vested the title to the said property.

The said action was thereafter removed from the Superior Court to the United States District Court for the District of New Jersey and the action against the United States of America was dismissed on motion. The action was then remanded to the Superior Court and resulted in a judgment of foreclosure against the remaining defendants. The plaintiff then commenced this action.

The defendant bases his motion to dismiss the complaint on three grounds: (1) that the court lacks jurisdiction over the subject matter for the reason that the plaintiff does not and cannot show a right, title or interest in the vested property which is a condition of the sovereign consent to a suit against the defendant under Section 9(a) of the "Trading with the Enemy Act", 50 U.S.C.A.Appendix, § 9(a), (2) that in effect this is an action to enforce a tax liability and no such liability may be enforced without the consent of the defendant by virtue of Section 36(b) of the "Trading with the Enemy Act", 50 U.S.C.A.Appendix, § 36(b) and (3) that the complaint fails to state a claim against the defendant upon which relief can be granted.

In contemplating the defendant's motion the complaint must be read and considered in the light most favorable to it. That portion of Section 9(a), supra, with which we are here concerned provides as follows: "Any person not an enemy or ally of enemy claiming any interest, right, or title in any money or other property which may have been conveyed, transferred, assigned, delivered, or paid

to the Alien Property Custodian or seized by him hereunder and held by him or by the Treasurer of the United States, or to whom any debt may be owing from an enemy or ally of enemy whose property or any part thereof shall have been conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian or seized by him hereunder and held by him or by the Treasurer of the United States may file with the said custodian a notice of his claim under oath and in such form and containing such particulars as the said custodian shall require; and the President, if application is made therefor by the claimant, may order the payment, conveyance, transfer, assignment, or delivery to said claimant of the money or other property so held by the Alien Property Custodian or by the Treasurer of the United States, or of the interest therein to which the President shall determine said claimant is entitled: *Provided*, That no such order by the President shall bar any person from the prosecution of any suit at law or in equity against the claimant to establish any right, title, or interest which he may have in such money or other property. If the President shall not so order within sixty days after the filing of such application or if the claimant shall have filed the notice as above required and shall have made no application to the President, said claimant may institute a suit in equity in the Supreme Court of the District of Columbia or in the district court of the United States for the district in which such claimant resides, or, if a corporation, where it has its principal place of business (to which suit the Alien Property Custodian or the Treasurer of the United States, as the case may be, shall be made a party defendant), to estabish the interest, right, title, or debt so claimed, and if so established the court shall order the payment, conveyance, transfer, assignment, or delivery to said claimant of the money or other property so held by the Alien Property Custodian or by the Treasurer of the United States or the interest therein to which the court shall determine said claimant is entitled."

■■ The question to be considered, then, is: Does the plaintiff have an interest, right or title in the real property which was vested in the defendant?

At the time the taxes for 1943, 1944, 1945 and 1946 had accrued the title to the property was in the D.A.B. Recreational Resort, Inc., and not in the defendant, since the defendant had vested *title* in the capital stock of the corporate owner and not in the property itself. That was the situation when the plaintiff purchased the tax certificates in 1946, recorded them in January 1947, and commenced the foreclosure action on June 18, 1951. Title to the *property* did not vest in the defendant until August 8, 1951, and the vesting order itself provides that, "there is hereby vested in the Attorney General of the United States the property described in subparagraph 3 hereof, *subject to recorded liens, encumbrances and other rights of record,* held by or for persons who are not nationals of designated enemy countries, * * *" (emphasis added). The aforementioned certificates were liens of record against the property for four years prior to the vesting of title thereto in the defendant, and the action to foreclose the right of redemption was pending at the time of the vesting of title. It appears, therefore, that the plaintiff had such a claim, interest, right or title as was contemplated by Section 9(a), supra. In my opinion the case of Kaname Fujino v. Clark, 9 Cir., 172 F.2d 384, cited by the defendant, is inapposite. There the Court found that the claimant had no interest in the property, but was merely a dummy acting for his father, who resided in and who was a national of Japan, an enemy country.

I disagree also with the defendant's contention that this is an action to enforce a tax liability, and that his consent was not obtained prior to the suit, as is required by section 36(b) of the "Trading with the Enemy Act", 50 U.S.C.A. Appendix, § 36(b). Title to the property

had not yet vested in the defendant when the taxes had accrued, the tax certificates had been sold to the plaintiff, and the action to foreclose the right of redemption had been commenced. Title was then still in the D.A.B. Recreational Resort, Inc., and the plaintiff was not required to obtain the defendant's consent to proceed with his foreclosure. The plaintiff now claims that he has foreclosed the right of redemption of D.A.B. Recreational Resort, Inc., and that he therefore has such a right, title or interest in the property as is provided for in Section 9(a), supra. As hereinabove stated I believe that he has such a claim, and accordingly the defendant's motion is denied.

As to the plaintiff's motion, it is well settled that a motion for summary judgment will not be granted if there is a triable issue of fact. It appears that there are issues here which can be resolved only after a trial, and accordingly the plaintiff's motion is denied.