CENTRAL NATIONAL BANK OF
CLEVELAND, etc., Plaintiff,

v.

Herbert BROWNELL, Jr., etc., et al.,
Defendants.

Civ. No. 31716.

United States District Court
N. D. Ohio, E. D.

Jan. 17, 1956.

C. H. Royon, Cleveland, Ohio, for plaintiff.

Sumner Canary, U. S. Atty., Cleveland, Ohio, Jas. D. Hill, W. T. Nolte and W. W. Silvian, Washington, D. C., Ralph Klapp, F. A. Kropp, Asst. Attys. Gen. of Ohio, for defendants.

JONES, Chief Judge.

This action was commenced by the plaintiff trustee to recover the corpus of a public charitable trust held for the benefit of the Gemeinde Haus, Hattenhofen, West Free Zone of Germany. Said corpus was vested by the United States on January 12, 1953, pursuant to the Trading With the Enemy Act, 50 U.S.C.A.Appendix, §§ 1–40.

The United States moves to dismiss the action or for summary judgment.

◼ Since this is a suit against the United States it can be maintained only after the Government has consented to be sued. Section 9(a) of the Trading With the Enemy Act provides:

"(a) Any person not an enemy or ally of enemy claiming any interest, right, or title in any money or other property * * * may institute a suit in equity * * * in the district court of the United States for the district in which such claimant resides * * *."

"Any person etc." has been interpreted to mean a non-enemy having beneficial interest in the property vested. Cordero v. United States, D.C.S.D.N.Y.1953, 111 F.Supp. 556, Feller v. McGrath, D.C.W. D.Pa.1952, 106 F.Supp. 147, and Central Hanover Bank & Trust Co. v. Markham, D.C.S.D.N.Y.1946, 68 F.Supp. 829. While plaintiff is a "non-enemy", it does not have beneficial interest in the property vested.

◼ But even assuming, without deciding, that plaintiff has an "interest" which would permit it to bring suit, it is evident that it would be precluded from

recovering the trust corpus by virtue of the fact that the beneficiaries and those in charge of the Gemeinde Haus, and the Gemeinde Haus itself, are all located in Germany, and, it must be assumed, were prior to January 1, 1947. This fact brings the trust within the purview of the Trading With the Enemy Act, particularly Section 7(c), which authorizes the vesting of said property in the Government.

■ Further, it seems implicit in the language of the Joint Resolution of October, 1951 that the war powers and enemy status in respect of property of Germans were to be unaffected by the Resolution and that such intention also is manifest in the Senate report on the Joint Resolution adopting the statement by the President (Report No. 892, 82nd Congress, First Session).

Accordingly, there being no substantial question of law or fact herein, the motion for summary judgment will be granted.