George C. DIX, Plaintiff,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, as successor to the Alien Property Custodian, Defendant.

Civ. No. 13699.

United States District Court
E. D. New York.

May 8, 1956.

As Amended May 22, 1956.

George C. Dix, New York City, in pro. per.

Leonard P. Moore, U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., Walter T. Nolte, Asst. U. S. Atty. Gen., for defendant.

BRUCHHAUSEN, District Judge.

The defendant moves to amend his answer and for summary judgment. The plaintiff, by cross-motion, asks for summary judgment.

Plaintiff, an attorney at law, originally represented certain bungalow owners, and others similarly situated, of a summer camp in New Jersey. The camp was purchased by German-American Vocational League, Inc., a New York membership corporation (hereinafter referred to as the membership corporation) and title was taken by D.A.B. Recreational Resort, Inc., a New York realty corporation (hereinafter referred to as the realty corporation) specially organized for that purpose. The directors of the membership corporation held all of the stock of the subsidiary-realty corporation as trustees for the members of the membership corporation. Several members rented lots from the realty corporation at annual rentals to cover their pro rata share of the taxes, and built and furnished bungalows on their rented parcels at their own expense.

The Alien Property Custodian, defendant's predecessor herein, by three successive vesting orders, moved against the property involved herein under the Trading With the Enemy Act, 50 U.S. C.A.Appendix, § 1 et seq.

By the first Vesting Order No. 626 issued to the realty corporation, dated January 6, 1943, he vested all of the shares of stock of the realty corporation and undertook the management and control of its affairs after finding that it was a national of a designated enemy country. No contention is made that by his action the Custodian became owner of the real estate involved herein.

"By the second Vesting Order No. 1765 herein, issued on July 8, 1943, to the membership corporation and subse-

quently published, the Custodian claims that he vested the real estate herein involved, which matter is hereinafter referred to."

In and by the third Vesting Order No. 18294 dated August 8, 1951, issued to the realty corporation, the defendant, as successor to the Custodian, referred to the findings of the first vesting order, found that the realty corporation owned the real estate involved herein, and vested it in himself.

The complaint is under Section 9(a) of the Act, 50 U.S.C.A.Appendix, § 9(a). The plaintiff seeks to establish his interest in and title to the property. He alleges that he is and always has been an American citizen, and that he acquired his interest by purchase of tax title certificates on December 27, 1946, subsequent to the second vesting order.

He foreclosed the right of redemption of the realty corporation, which was the record owner, by an action in the Superior Court of New Jersey. Subsequent to the commencement of that action, but before final judgment on April 7, 1953, the third vesting order was issued.

In his complaint, filed on July 23, 1953, shortly after the foreclosure action became final, plaintiff only referred to the first and third vesting orders, since they were the ones issued to the realty corporation, whose right of redemption had been foreclosed. In his answer, defendant's predecessor, the Alien Property Custodian, admitted that the realty corporation was the owner of the property until the issuance of the third vesting order.

Prior cross-motions for summary judgment were made in this court in March, 1954 before Judge Rayfiel, 122 F.Supp. 538 who held, that plaintiff, by the purchase of the tax certificates, had acquired a sufficient interest in the property to permit him to commence this action under Section 9(a).

Defendant now moves to amend his answer to withdraw his admission that the realty corporation owned the prop-erty until the issuance of the third vesting order, and to only admit that the realty corporation owned the property until April 3, 1944, which is the date when claim No. 1970 was filed by certain of the bungalow owners, as a class on behalf of themselves and others of the membership corporation in response to the second vesting order against the membership corporation. No hearing on this claim has been held.

Further background indicates that several of the members are citizens and engaged in military service during World War II; that separate judgments and criminal fines were imposed against both corporations after indictment and default in the Federal Court in New Jersey subsequent to the second vesting order, and that plaintiff purchased an existing mortgage on the property, after there had been default in several interest payments, in January 1946.

Defendant further moves, contingent upon the filing of his amended answer, for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Plaintiff opposes the motion to amend, and cross-moves for summary judgment.

It is defendant's contention that due to cross-filing of its records, he was unaware of the second vesting order when he filed his original answer and that he only became aware of it when plaintiff made reference to it in his original cross-motion for summary judgment herein. He further contends that when plaintiff, as attorney for the bungalow owners, presented and signed claim No. 1970 on April 3, 1944, in response to the second vesting order, he became charged with actual knowledge of it, and accordingly the defendant desires to use that filing date in its amended answer, rather than the prior date of issuance of the second vesting order, or the prior date of publication of it in the Federal Register.

■ It does not appear that the trial is imminent. Rule 15 of the Federal Rules of Civil Procedure empowers the court to grant leave to amend freely

where justice requires, and subdivision (b) authorizes such permission even at trial. The second vesting order was referred to by plaintiff in his claim thereunder, as well as in his prior motion. Even if it had not been so referred to, and even if plaintiff had not been aware of it, to disallow such an amendment would undoubtedly render the situation more difficult of solution and prevent a proper presentation and consideration of the issues.

Whether the second vesting order gave title to the camp to the United States and divested the rights of either or both corporations is too doubtful to decide on a motion for summary judgment. When only the third vesting order was considered by Judge Rayfiel he held that plaintiff was entitled to sue under Section 9(a) of the Act as the beneficial owner. This would be the "law of the case" up to that point. While the doctrine between co-ordinate judges is one of comity, Munro v. Post, 2 Cir., 102 F.2d 686, Bowles v. Wilke, 7 Cir., 175 F.2d 35, certiorari denied, 338 U.S. 861, 70 S.Ct. 104, 94 L.Ed. 528, and is not as binding as res judicata, United States v. U. S. Smelting, Refining & Min. Co., 339 U.S. 186, 70 S.Ct. 537, 94 L.Ed. 750, it is an orderly rule which should be followed generally. In re Hines, 2 Cir., 88 F.2d 423; Commercial Union of America v. Anglo-South American Bank, 2 Cir., 10 F.2d 937; Aachen & Munich Fire Insurance Co. v. Guaranty Trust Co., D.C.S.D.N.Y., 24 F.2d 465. Whether this second vesting order, made before plaintiff acquired this beneficial interest by tax foreclosure, vested the property itself and thus barred plaintiff's action, is not clear at this time.

Certainly intent is a very important consideration. It can be presumed that the Custodian had no intention of seizing the property of United States citizens, particularly those serving in the armed forces. The filing of the third vesting order indicates that there might not have been an intent to vest the property at the time of the second vesting order. The apparent indifference to the payment of the New Jersey real estate corporation taxes also so indicates, although Section 36(b) of the Act permits certain leeway in that respect.

On the other hand the offer of sale of the realty which the Custodian made and withdrew in September, 1945, does indicate an intent to vest the realty.

There are many considerations involved, i. e., whether the property was being used for the benefit of the organization, found to be subversive, or for the benefit of the members who were in the armed forces. In the cases under this section the rights of the beneficial owners must be considered. Cordero v. United States, D.C.S.D.N.Y., 111 F.Supp. 556, affirmed under title of Cordero v. Brownell, 2 Cir., 211 F.2d 90.

The defendant's motion to amend the answer is granted. Both motions for summary judgment are denied.