**Henry KOBER, Plaintiff,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States of America, as successor to the Alien Property Custodian, Defendant.**

**Civ. No. 7308.**

United States District Court
N. D. California, N. D.
Feb. 21, 1957.

Jesse E. Fluharty, Sacramento, Cal., Charles Lederer, Alturas, Cal., for plaintiff.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., and Percy Barshay, Sp. Asst. to the Atty. Gen., San Francisco, Cal., for defendant.

HALBERT, District Judge.

This is an action brought under the provisions of Title 50 U.S.C.A.Appendix, § 9(a) for the recovery of certain property which was vested in the Alien Property Custodian pursuant to a vesting order dated, according to the allegations of the plaintiff's complaint, December 19, 1950. There appears to be no dispute over the facts. On July 15, 1922, one George M. Kober executed an *inter vivos* trust, naming plaintiff trustee of certain property. There were eight bene-

ficiaries of the trust so created. All of these beneficiaries were then residents of Germany, and have remained residents of Germany to this date. It is the property which is the *res* of this trust, which plaintiff by this action now seeks to recover. The principal provisions of the trust instructed the trustee to pay the income from the corpus to the named beneficiaries, with remainders in their legal heirs, and further gave to the said trustee the power to distribute the corpus to the beneficiaries at "such a time as he may deem it wise and proper." Thereafter, the Alien Property Custodian, having determined that the beneficial owners of the corpus of this trust were all "enemies" within the meaning of the Trading With the Enemy Act, Title 50 U.S.C.A.Appendix, § 2(a), (i e., they were residents of a nation with whom this Country was officially at war) ordered the property seized on December 19, 1950,[1] under the provisions of § 5(b) and § 7(c) of the Act, 50 U.S.C.A.Appendix.

Defendant has filed a motion to dismiss the action on the ground that this Court has no jurisdiction for the reason that plaintiff, as trustee of this property, has no "interest, right, or title" in the property in suit within the meaning of § 9(a) of the Act. Plaintiff opposes the motion to dismiss on the ground that, as a trustee with discretionary power as to the date on which the corpus will be distributed to the beneficiaries, he has a sufficient interest in the property to bring himself within the provisions of § 9(a), supra, and, hence, has capacity to sue. No other issues are raised by the parties, so the disposition of this case depends solely upon whether plaintiff has

---

[1]. Although the exact date of the vesting order is not material to the issues as presented by the parties in this case, the Court must admit that it is somewhat confused by the fact that at least three different dates for the vesting order are given by the parties. In the plaintiff's complaint (paragraph V.) the date is given as December 19, 1950; in defendant's memorandum of points and authorities the date is given as January 16, 1951; and in the photostatic copies of

the Notices of Claim for Return of Property filed by plaintiff with the Office of Alien Property on behalf of each of the beneficiaries on February 27, 1950, the date of the vesting order is given as November 25, 1947. In view of the fact that this case is before the Court at this time on a motion to dismiss, the Court will treat the date alloged in the plaintiff's complaint as the true and correct date.

the capacity (as defined in § 9(a), supra) to bring this action.

 This action, in essence, is an action against the United States, and as such, the plaintiff is bound to demonstrate that all the prerequisites set forth in the statutory provisions permitting such actions have been fulfilled before this Court may take jurisdiction, F. A. R. Liquidating Corporation v. Brownell, D. C., 130 F.Supp. 691, 692 and cases there cited. In order to maintain an action under § 9(a), supra, the plaintiff must show: (1) that neither he, nor the person in whose behalf the action is brought, is an "enemy" as that term is defined in § 2(a) of the Act, supra, and (2) that such person or persons have an "interest, right, or title" in the property sought to be recovered.

██ On the basis of the undisputed facts before the Court, it is clear that plaintiff, himself, is not an "enemy"; however, the law is well established that the status of the beneficial owners of the property is the determinative factor in deciding the question of capacity to sue, Dix v. Brownell, D.C., 141 F.Supp. 789; Central National Bank of Cleveland v. Brownell, D.C., 137 F.Supp. 686; Cordero v. United States, D.C., 111 F.Supp. 556, affirmed sub nom. Cordero v. Brownell, 2 Cir., 211 F.2d 90; Feller v. McGrath, D.C., 106 F.Supp. 147; Public Administrator of New York County v. McGrath, D.C., 104 F.Supp. 834; Central Hanover Bank & Trust Co. v. Markham, D.C., 68 F.Supp. 829; and see also, Kaname Fujino v. Clark, 9 Cir., 172 F.2d

384. It has, likewise, been repeatedly held that the "interest, right, or title" of a fiduciary (whether the administrator of an estate or the trustee of a trust) is not sufficient to enable him to maintain the action where the beneficiaries or *cestuis* had the status of "enemies" at the time of the vesting order of the Alien Property Custodian. Central National Bank of Cleveland v. Brownell, supra; Cordero v. United States, supra; Public Administrator of New York County v. McGrath, supra; and Central Hanover Bank & Trust Co. v. Markham, supra. Cf. Feller v. McGrath, supra. Hence, irrespective of the nature or scope of the trustee's powers over the *res*, where the ultimate beneficiaries of the trust were "enemies" within the meaning of § 2(a) of the Act, supra, at the time the Alien Property Custodian issued the vesting order,[2] the trustee does not, under the provisions of § 9(a), supra, have the capacity to maintain an action to recover the *res*.

In view of the foregoing rules, this Court does not have jurisdiction over plaintiff's claim, and the motion to dismiss must, therefore, be granted.

For the reasons above set forth, plaintiff's complaint and the cause of action sought to be set forth therein is hereby dismissed. Let judgment in favor of the defendant be entered herein on the cause of action sought to be set forth in plaintiff's complaint. Defendant will prepare and lodge with the Clerk of this Court all papers and documents necessary for the final disposition of this case.

---

2. The termination of the state of war with Germany was by the Joint Resolution of Congress on October 19, 1951, C. 519, 65 Stat. 451, 50 U.S.C.A.Appendix, preceding section. By the express wording of this Resolution it had no effect on prior vesting orders of the Alien Property Custodian under the provisions of the Trading With the Enemy Act, Title 50 U.S.C.A.Appendix, §§ 1–6 and 7–39.