MATHILDE G. DRESLER et al., Appellants, *v.* BERNHARD GREEFF, JR., et al., Respondents.

First Department, October 6, 1953.

*Myron Scott* of counsel (*H. Vincent Smart* on the brief; *H. Vincent Smart,* attorney), for appellants.

*Francis J. Ryan, Jr.,* of counsel (*Arthur Litt* on the brief; *Hahn & Golin,* attorneys), for respondents.

*Per Curiam.* The stipulation of January 21, 1942, pursuant to which this case was marked off the calendar, contains the following provision concerning restoration to the calendar: " within a year after being marked off it shall not be deemed

discontinued or abandoned and the complaint shall not be dismissed pursuant to Subdivision 8 of Rule VIII of Rules for Special Terms, New York County Supreme Court Rules provided, however, that said Subdivision 8 of said Rule VIII shall apply in event said action is not restored by either party to the General Calendar within one year after the disability of said plaintiffs under the Trading With the Enemy Act to prosecute said action shall cease.''

Two of the plaintiffs herein are German nationals. Defendants contend that House Joint Resolution 289, effective October 19, 1951, which officially terminated the state of war between the United States and Germany, also removed the disability of the German plaintiffs to prosecute this lawsuit. After the lapse of more than a year following the passage of the resolution defendants moved to dismiss this action for lack of prosecution.

However, the resolution contained the following reservation: (65 U. S. Stat. 451; U. S. Code, tit. 50, Appendix, note preceding § 1) '' That notwithstanding this resolution and any proclamation issued by the President pursuant thereto, any property or interest which prior to January 1, 1947, was subject to vesting or seizure under the provisions of the Trading With the Enemy Act of October 6, 1917 (40 Stat. 411), as amended, or which has heretofore been vested or seized under that Act, including accruals to or proceeds of any such property or interest, shall continue to be subject to the provisions of that Act in the same manner and to the same extent as if this resolution had not been adopted and such proclamation had not been issued. Nothing herein and nothing in such proclamation shall alter the status, as it existed immediately prior hereto, under that Act, of Germany or of any person with respect to any such property or interest.''

This action involves property interests which under the provisions of the Trading With the Enemy Act were subject to vesting prior to January 1, 1947. In 1942, when the stipulation in issue was signed, the German aliens were enemy nationals. It would appear from a reading of the resolution that for the purposes of prosecuting this lawsuit their status remains unchanged.

Accordingly, the order of Special Term insofar as it grants defendants' motion to dismiss the case for lack of prosecution should be reversed and the motion should be denied. The plaintiffs' cross motion to restore the case to the calendar should be denied.

Peck, P. J., Glennon, Cohn, Breitel and Botein, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants and the motion denied. Plaintiffs' cross motion to restore the case to calendar is denied.