**FARBENFABRIKEN BAYER, A. G.,**
a corporation, Plaintiff,

v.

**STERLING DRUG, Inc., a corporation, Defendant.**

Civ. No. 903–55.

United States District Court
Third D., New Jersey.

Feb. 5, 1957.

Arnold, Fortas & Porter, Washington, D. C., Alexander T. Schenck, Newark, N. J., for plaintiff.

O'Mara, Schumann, Davis & Lynch, Jersey City, N. J., Cahill, Gordon, Reindel & Ohl, Rogers, Hoge & Hills, New York City, for defendant.

WILLIAM F. SMITH, District Judge.

This is a civil action under the antitrust laws, and particularly Section 4 of the Clayton Act, 15 U.S.C.A. § 15. The

plaintiff, a corporation organized under the laws of Germany, was formerly an enemy alien within the meaning of Section 2(a) of the Trading with the Enemy Act of 1917, 50 U.S.C.A.Appendix, § 2(a). The complaint charges that the defendant and others, not named as defendants, are, and have been for more than six years next preceding the commencement of the action, engaged in a conspiracy in restraint of trade. The plaintiff seeks to enjoin the alleged illegal conduct and to enforce its claim for treble damages.

The defendant filed an answer in which it is alleged, as an affirmative defense, that the plaintiff has no right to "institute or maintain" the action. The defense rests solely upon an express limitation in House Joint Resolution No. 289, 65 Stat. 451, approved October 19, 1951, 50 U.S.C.A.Appendix, p. XX note preceding section 1. The defense is raised at this time on the dual motion of the defendant, to wit, a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and a motion for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The argument urged by the defendant in support of the motion is the same as that urged in support of the motion in the companion case, Farbenfabriken Bayer, A. G., v. Sterling Drug, Inc., D.C., 148 F.Supp. 733. This argument was fully discussed in the opinion filed in the companion case and we see no reason to repeat the discussion. We are of the opinion that the argument will not avail the defendant in the instant case.

The cause of action upon which the claim in the instant case is predicated accrued within six years next preceding the commencement of the action. This cause of action was not subject to seizure and vesting prior to January 1, 1947. The Joint Resolution is, therefore, not applicable. It may be argued that the plaintiff had a cause of action based upon the alleged conspiracy in restraint of trade prior to January 1, 1947, but it must be noted that this cause of action, if it existed, is not the basis of the present claim. The claim asserted in the instant case is necessarily limited by the statute of limitations.

The motion for judgment will be denied.