Aron Steuer, J.
This action for an accounting in equity was begun in 1938. As the plaintiffs are Grerman nationals, by virtue of the state of war they have been legally barred from the prosecution of the action. They now seek to restore the case to the calendar and to go ahead with its prosecution.
The main issue between the parties upon this application is whether the bar to their proceeding has been removed. Before addressing this question a brief review of the steps taken during the long pendency of the action would be in order. In January, 1942 the attorneys for the respective parties, recognizing the disability of the plaintiffs to proceed, stipulated to have the case marked off the calendar. The stipulation *43 provided that the ease should not be deemed abandoned unless plaintiffs failed to move to restore within a year after the disability was removed. In 1953 defendants moved to dismiss for lack of prosecution. At the same time plaintiffs cross-moved to restore the case to the calendar. Special Term granted defendants’ motion and denied plantiffs’. Upon appeal the Appellate Division reversed the granting of defendants’ motion and affirmed the denial of plaintiffs’ motion (282 App. Div. 465). The grounds of the decision were that by virtue of the Joint Resolution terminating the war with Germany (65 U. S. Stat. 451) plaintiffs’ property right in the chose in action was still subject to the Trading with the Enemy Act of 1917 (40 U. S. Stat. 411) hence subject to vesting in the United States. Both motions were therefore premature. Thereafter plaintiffs further moved for permission to restore the case if and when the disability was removed and that motion was granted. Plaintiffs claim that the disability was removed on July 14, 1956, the effective date of the Treaty of Friendship between the United States and the Federal Republic of Germany. Plaintiffs rely particularly on article VI of the treaty which reads: “ Nationals and companies of either Party shall be accorded national treatment with respect to access to the courts of justice * * * in all degrees of jurisdiction, both in pursuit and in defense of their rights ”.
There is no doubt that this removes any personal disability to sue. But that is not all of plaintiffs’ difficulty. In addition to being denied access to the courts because of enemy status, the cause of action was subject to vesting in the United States whenever the designated officers elected to seize it and the Joint Resolution specifically maintained that right. The language of the treaty must be read in view of this situation. Its meaning is quite clear, namely, that nationals hitherto barred from access to our courts are now free to seek relief therein, but claims subject to acquisition retain their status. And it has been so held. (Farbenfabriken Bayer v. Sterling Drug, 148 F. Supp. 733.)
The resulting situation is admittedly anomalous. It appears from correspondence of the Office of Alien Property, a division of the Attorney General’s office that no steps are in contemplation to vest this claim and that further reduction of claims is contrary to the expressed policy of the executive. While such declarations bind no one there is every reason to believe that the policy so expressed will be continued. This leaves plaintiffs’ claim in limbo, with plaintiffs unable to enforce it and the party whose right is unchallenged, the United States, *44 disclaiming any intention to proceed. While relief is plainly called for, the courts are in no position to give it. Either legislative enactment or executive fiat is essential.
Defendants raise a further point. During the protracted pendency of this suit one of the plaintiffs and two of the defendants have died. They have not been replaced as parties by their personal representatives. It is not clear whether the plaintiffs intend to proceed solely on behalf of and against the survivors or hope to benefit and charge the estates of the decedents as well. But in view of the determination on the main question it is unnecessary to go into this phase of the motion at this time.
The motion is denied without prejudice to renewal when the disability is lifted.