James J. Conroy, J.
This is a motion by defendant for judgment dismissing the complaint pursuant to rule 107 of the Rules of Civil Practice on the ground that plaintiff does not have a legal capacity to sue and upon the further ground that this court does not have jurisdiction of the subject matter of the action.
In support of his motion to dismiss on the ground of lack of capacity to sue, defendant contends that plaintiff, who is the assignee of a German national, may not maintain this action because all of his assignor’s interest in any and all of the claims alleged in this action were vested or are subject to being vested in the United States Government through its Alien Property Custodian. The court finds this contention to be without merit. Plaintiff herein does not seek the return of any property vested in the United States Government or presently held on its behalf but rather to hold defendant accountable and to recover damages for alleged wrongful acts committed by defendant in violation of his duty with respect to such property while under a power of attorney. Nor do those properties which might possibly be subject to future vesting constitute a bar to the maintenance of this action. (Farbenfabriken Bayer v. Sterling Drug, 251 F. 2d 300, cert, denied 356 U. S. 957; contra see Dresler v. Greeff, 9 Misc 2d 42, affd. 7 AD 2d 715 [1st Dept.].)
The court is also of the opinion that defendant’s attack upon the jurisdiction of this court with regard to the subject matter of the action is without merit. Plaintiff does not seek an adjudication of his rights and interests flowing from the last will and testament of Henry C. Bohack. Those rights are not in dispute. Hence, the Surrogate’s Court would be an inappropriate tribunal. Bohack’s will is material only to the extent that the property which constitutes the subject matter of the causes of action for an accounting originally passed to plaintiff’s assignor pursuant to the provisions thereof. As already noted, plaintiff sues for an accounting and to recover damages for alleged wrongful acts of the defendant while acting under a power of attorney. Accordingly, the motion is denied in its entirety.